■ MARVIN A. BLOCK et al., Appellants, v LENA LANDEGGER, as Executrix of KARL F. LANDEGGER, Deceased, et al., Respondents, et al., Defen-

dants.—Judgment, Supreme Court, New York County, entered December 23, 1977, dismissing certain causes of action in the consolidated amended complaint alleged against defendants-respondents, is affirmed, with $75 costs and disbursements of this appeal to respondents. (Previous appeal reported at 44 AD2d 671.) The complaint, now expanded to 62 pages from its original 46 pages, suffers from the same infirmities which caused us to dismiss the first complaint. *Lanzi v Brooks* (43 NY2d 778), decided in the interim, suggests a more lenient rule with respect to complaints attacked for failure to comply with the provision of CPLR 3016 (subd [b]) that in an action for fraud, "the circumstances constituting the wrong shall be stated in detail." But as the Court of Appeals pointed out in *Lanzi* (p 780) the misconduct complained of must still "be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of". The present complaint still fails to inform the defendant with respect to the incidents complained of. We think this requirement is particularly important in relation to stockholders' derivative actions in view of the well-known expense and complexities of such actions. (See *Greenbaum v American Metal Climax,* 27 AD2d 225.) Concur—Silverman, Lane and Markewich, JJ.

Kupferman, J. P., dissents in a memorandum, as follows: I dissent and would reverse and would deny the motion dismissing the various causes of action. I was a member of the court which dismissed the original complaint with leave to replead (44 AD2d 671). Not only have the plaintiffs made more definitive the complaint herein, but in the interim the Court of Appeals in its memorandum decision in *Lanzi v Brooks* (43 NY2d 778, 780), has made an explicit statement with respect to the requirement of pleading under CPLR 3016 (subd [b]).