◼ HOLIDAY POINT REALTY Co. et al., Respondents, v KEMPER CORPORATION et al., Appellants.—In an action, inter alia, for a judgment declaring the rights of the parties with respect to coverage under an insurance contract, the defendants appeal from an order of the Supreme Court, Nassau County (Pantano, J.), entered April 18, 1985, which, inter alia, granted the plaintiffs' cross motion for summary judgment to the extent of declaring that Holiday Point Realty Co. was

covered by the subject insurance policy and defendants had a duty to defend it, and denied the defendants' motion to dismiss the action pursuant to General Business Law § 130, and their cross motion for summary judgment.

Order affirmed, with costs.

The plaintiff Joel Saphir purchased a comprehensive general liability insurance policy from the defendant Lumbermens Mutual Casualty Company covering the period August 15, 1980 to August 15, 1981. The policy was issued in the name of "Saphir Management Services Co., Joel L. Saphir D/B/A" and covered two properties, one of which was 1702-1712 East 16th Street in Brooklyn. The policy insured Saphir as an "individual", and stated that he was entitled to coverage "with respect to the conduct of a business of which he is sole proprietor".

On or about March 23, 1981, a fire bombing occurred at the subject premises. Several individuals were injured, and property was destroyed. As a result, the injured parties sued Joel Saphir, Saphir Management Services Co., and Holiday Point Realty Co. Saphir had become the record owner of the premises on May 26, 1981 when Holiday Point Realty Co. delivered a deed to him. The defendants agreed to provide representation to Joel Saphir and Saphir Management Services Co., but have refused to represent Holiday Point Realty Co.; as a result, the plaintiffs have brought this declaratory judgment action.

The plaintiff Holiday Point Realty Co. had at one time existed as a partnership, having been formed in June 1970 to own and operate the subject property. Until February 4, 1980, the partners were the plaintiff Joel Saphir and his aunt, Fagi Sapphire. On that date, Fagi Sapphire died. The partnership thereafter dissolved by operation of law (Partnership Law § 62 [4]), and title to the partnership assets vested in Joel Saphir as the survivor. Fagi Sapphire's interest also vested in Joel Saphir by the terms of her will.

The plaintiff Joel Saphir concedes that during the relevant period he *"did not* execute and/or cause to be filed a certificate setting forth the name or designation, HOLIDAY POINT REALTY CO., as a business he was conducting or transacting in the office of the Clerk of each county in which such business, JOEL L. SAPHIR, doing business as HOLIDAY POINT REALTY CO., was conducted or transacted", and that he *"did not execute or cause to be filed* a certificate of continued use of the firm name for HOLIDAY POINT REALTY CO." as required under Partnership

Law article 7. Contrary to the defendants' claims, however, the plaintiffs' failure to comply with this filing requirement is irrelevant, because Holiday Point Realty Co. was not a partnership at the time the policy was entered into. Nor is the instant suit barred by General Business Law § 130. The purpose of the statute requiring the filing of a certificate by persons operating under an assumed name or as partners is to protect the public, by affording the public information concerning the identity of the persons conducting the business and preventing deception and confusion (see, Reed v Pelley, 112 Misc 2d 382; see also, Grand Cent. Art Galleries v Milstein, 89 AD2d 178, 181). The statute was not enacted by the Legislature for the purpose of enabling insurance companies to avoid their obligations to provide coverage (see, Loeb v Firemen's Ins. Co., 78 App Div 113). The policy must be construed according to the "common sense and common speech of the average person * * * in light of 'the reasonable expectation and purpose of the ordinary business man when making an insurance contract * * *' or, the meaning 'which would be given it by the average man' " (Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 32-33, affd 49 NY2d 924). Since the express terms of the policy cover Saphir as an individual for "a business of which he is sole proprietor", and Holiday Point Realty Co. is a sole proprietorship, the subject premises is covered by that policy.

Finally, Special Term properly allowed an assessment of damages, as the plaintiffs are entitled to any expenses they may have incurred in defending the underlying action (see, Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 16). Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.