■ CYNTHIA A. DIPACE, as Shareholder of WIT'S END GIFTIQUE, INC., Respondent, v SUSAN M. FIGUEROA et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court (Doran, J.), entered August 22, 1986 in Saratoga County, which denied defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiff and the two defendants are each one-third shareholders and the corporate officers of Wit's End Giftique, Inc. (hereinafter the corporation), a family close corporation. Plaintiff commenced this action as a minority shareholder of the corporation for an accounting and to recover for the mismanagement and waste of corporate assets *(see,* Business Corporation Law § 626; 14 NY Jur 2d, Business Relationships, §§ 617, 627, at 399-403, 415-417). This appeal is centered upon the denial of defendants' motion to dismiss the complaint for failure to state a cause of action.

Defendants essentially contend that the complaint fails to comply with the dictates of CPLR 3013, which requires that the *statements* in a pleading give adequate notice of the transactions involved and the material elements of the cause of action *(see, Foley v D'Agostino,* 21 AD2d 60; Siegel, NY Prac

§ 208, at 245). An examination of the complaint shows that defendants are generally charged with having mismanaged, wasted and taken corporate assets, including jewelry, money and automobiles. No specific factual averments are provided as to when and what wrongful acts are attributed to each defendant. To excuse this deficiency, plaintiff simply submitted her attorney's affidavit, a copy of which is set forth in the record and appears to be unexecuted, stating that defendants denied her access to the corporation's records. Such an affirmation by an attorney without personal knowledge is unavailing (see, Zuckerman v City of New York, 49 NY2d 557, 563). We are mindful that the record contains what purports to be plaintiff's own affidavit confirming the denial of access and detailing certain property transactions complained of, but this document also does not appear to have been executed and is thus not properly before us. In essence, the complaint simply includes vague, general allegations of wrongdoing which do not meet the minimum requirements of CPLR 3013 and 3016 (b). While pleadings are to be liberally construed, the essential material facts required to give notice must still be presented or a plausible explanation provided for the failure to do so (see, Greschler v Greschler, 71 AD2d 322, 325, mod 51 NY2d 368; Foley v D'Agostino, supra, at 63). This is particularly appropriate in a derivative action by a shareholder (Block v Landeggar, 66 AD2d 707, affd 49 NY2d 741; Greenbaum v American Metal Climax, 27 AD2d 225, 231-232; Greenberg v Acme Folding Box Co., 84 Misc 2d 181, 185). Accordingly, we find that Supreme Court erred in denying defendants' motion to dismiss. Parenthetically, we note that while plaintiff commenced this suit on behalf of the corporation, her complaint is improperly framed in terms of individual rather than corporate recovery (see, 14 NY Jur 2d, Business Relationships, § 627, at 415-417).

Order reversed, on the law, without costs, motion granted and complaint dismissed with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered upon this decision with notice of entry. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.