■ CHRYSLER CAPITAL CORPORATION, as Successor to E. F. HUTTON CREDIT CORPORATION, Respondent, v HILLTOP EGG FARMS, INC., Appellant.—Weiss, J. Appeal (1) from an order of the Supreme Court (Williams, J.), entered October 20, 1986 in Sullivan County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff, as successor in interest to E. F. Hutton Credit Corporation, commenced the instant action to recover rentals and late charges purportedly due under an equipment lease agreement with defendant. In the complaint, plaintiff averred that the parties entered into a "Master Lease Schedule Agreement" (MLA) in December 1982; that despite repeated demands, defendant failed to pay several monthly installments of $4,214.60; and that a principal balance of $96,935.80 plus late charges was due. After defendant submitted a general denial in its answer, plaintiff moved for summary judgment. Defendant opposed the motion and cross-moved to dismiss the complaint for failure to state a cause of action, specifically contending that plaintiff omitted the essential terms of the contract by failing to annex the MLA. Plaintiff explained that it failed to annex the MLA to the complaint through clerical error, and attached a copy of same to its attorney's responding affidavit. Supreme Court concluded that the defect in the

complaint was corrected by this presentation of the MLA and granted plaintiff summary judgment on the complaint. Defendant has appealed.

Initially, we observe that Supreme Court properly considered the affidavit of plaintiff's attorney, to which the MLA was attached, in determining the sufficiency of the complaint *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636; *Mihalko v Blood,* 86 AD2d 723, 724). The essence of defendant's argument is that even with the additional submissions, the complaint fails to set forth the essential terms of the contract. We agree.

In an action to recover damages for breach of contract, the complaint must, *inter alia,* set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract *(see, Griffin Bros. v Yatto,* 68 AD2d 1009; *Lupinski v Village of Ilion,* 59 AD2d 1050; 22 NY Jur 2d, Contracts, §§ 380, 383, 384, at 285, 289-291). Here, the complaint specifically refers to the MLA which, as indicated, was subsequently presented in response to defendant's cross motion to dismiss. In relevant part, the MLA, which was signed by the parties on December 31, 1982, provided for the lease of certain equipment as "described in any Schedule now or hereafter * * * executed by the parties". The subject and duration of the lease, the amount of the rent and payment due dates were to be set forth in each schedule. The critical deficiency in this complaint is that no "schedule" is either described or attached to the complaint; nor does a schedule otherwise appear in the record. While the MLA evidences a general leasing agreement, the actual terms of that agreement with respect to the identification of the equipment, the rental amount and payment terms are absent. Nor do the affidavits submitted on plaintiff's behalf with respect to either motion supply any factual information. Indeed, the affidavit of William J. Jucks, plaintiff's "Manager-Special Assets", merely refers to the pleadings, and the affidavit of Carl A. Scarborough, whose status is not explained, simply states that payments were not made. Such averments are clearly deficient *(see, Donovan v Cuomo,* 126 AD2d 305, 308).

While a general denial does not serve to raise an issue of fact, it was plaintiff's burden in the first instance to establish its right to summary judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Having failed to set forth the essential terms of the contract, it is evident that plaintiff failed to meet this burden. It follows

that Supreme Court improperly directed summary judgment in plaintiff's favor.

Moreover, even accepting the allegations in the complaint and responding papers as true, which we must, Supreme Court further erred in denying defendant's cross motion to dismiss the complaint since the essential material facts have not been set forth *(see, DiPace v Figueroa,* 128 AD2d 942; *Gottesman v Glass,* 260 App Div 935).

Order and judgment reversed, on the law, without costs, motion denied, cross motion granted and complaint dismissed, with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered upon this decision with notice of entry. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.