■ In the Matter of CHANDER S. SUD, Appellant, v AJAY

SUD et al., Respondents. [621 NYS2d 37] —Order, Supreme Court, New York County (Stephen Crane, J.), entered April 29, 1993, which, *inter alia,* granted defendants' Ajay Sud ("Ajay") and Cheng Yen Teh ("Cheng"), motions pursuant to CPLR 3211 (a) (5), (7) and (8) to dismiss the plaintiff's amended complaint as against them, and order of the same court and Justice, entered September 8, 1993, which *inter alia,* denied plaintiff's motion for renewal, unanimously affirmed, without costs.

Although on a motion addressed to the sufficiency of a complaint pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and accorded every favorable inference, nevertheless, allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, are not entitled to such consideration *(Mark Hampton, Inc. v Bergreen,* 173 AD2d 220, *lv denied* 80 NY2d 788).

The IAS Court properly dismissed, as against defendant Ajay Sud, the plaintiff's amended complaint, purporting to set forth a cause of action for breach of a 1976 contract between the members of a New Delhi, India family, as too vague and indefinite, and therefore unenforceable, for plaintiff's failure to allege, in nonconclusory language, as required, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated *(Chrysler Capital Corp. v Hilltop Egg Farms,* 129 AD2d 927, 928), whether the alleged agreement was, in fact, written or oral *(Bomser v Moyle,* 89 AD2d 202, 205), and the amount of financial support which defendant Ajay or other family members were required to provide or the length of time during which that support had to be provided before their contractual obligations concluded *(see, Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 482).

The complaint was also properly dismissed as against defendant Ajay as unenforceable under the New York Statute of Frauds (General Obligations Law § 5-701 [a] [1]), where, as here, the purported agreement to bring each of the Sud siblings to the United States and provide them with a graduate level education could not, by its terms, be fully performed within one year *(see, D & N Boening v Kirsch Beverages,* 63 NY2d 449, 456).

Nor did the IAS Court err in dismissing the complaint as against defendant Cheng Yen Teh for lack of personal jurisdiction, since it is undisputed that plaintiff and Cheng were both

residents of New Jersey at the time of the commission of the alleged tortious acts, and plaintiff's complaint failed to allege either that Cheng was physically present or had transacted any business in New York when she committed the alleged tortious acts (CPLR 302 [a] [1], [2]; *Van Essche v Leroy,* 692 F Supp 320, 321).

The complaint was also properly dismissed as against defendant Cheng for failure to state either a viable cause of action for the intentional infliction of emotional distress, since the plaintiff failed to show that Cheng's alleged tortious act, of encouraging defendant Ajay to leave his employment in order to attend law school, was an act so outrageous as to exceed all bounds tolerated in a civilized society *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143), or a viable cause of action for prima facie tort, since the plaintiff failed to show the intentional infliction of harm, resulting in special damages, without excuse or justification, by an act or series of acts, that would otherwise be lawful *(supra,* at 142-143), i.e., a disinterested malevolence to injure *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.