Donna PATRICK, Plaintiff,

v.

Julie FRANCIS, Dr. Amy Rummel, Dr. Frank Duserick, Dr. Ernest Enke, and Alfred University, Defendants.

No. 95–CV–144S.

United States District Court, W.D. New York.

May 17, 1995.

· Kenneth I. Feinman, Siegel, Kelleher & Kahn, Buffalo, NY, for plaintiff.

Heidi L. Holman, Nixon, Hargrave, Devans & Doyle, Rochester, NY, for defendants.

## DECISION AND ORDER

SKRETNY, District Judge.

### INTRODUCTION

Before this Court are (1) defendants' motion filed March 8, 1995, to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and (2) plaintiff's motion filed March 29, 1995, to remand this action to the Supreme Court of the State of New York. Plaintiff filed her complaint in the Supreme Court of the State of New York, Allegany County, on January 19, 1995, alleging unlawful conversion, unlawful competition, unjust enrichment, copyright violation, and intentional infliction of emotional distress. Plaintiff claims that defendants published a study and research project that plaintiff primarily wrote and that was derived from concepts and ideas plaintiff formulated. Defendants removed the action to this Court on March 1, 1995, on the grounds that plaintiff asserts copyright violations of which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1441(b).

Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on March 7, 1995, asserting that plaintiff has failed to plead the basic elements of copyright infringement.[1] On March 29, 1995, plaintiff filed a motion to remand this action to the Supreme Court of the State of New York. Plaintiff claims that the causes of action she asserts arise under state law and are not removable.[2]

For the reasons set forth below, this Court will deny plaintiff's motion to remand and grant defendants' motion to dismiss.

1. Defendants filed a memorandum of law in support of their motion to dismiss ("D. Memo").

2. Plaintiff filed a memorandum of law ("P. Memo"); an affidavit of Kenneth I. Feinman in support of motion to remand ("Feinman R.Aff."), with exhibits; and an affidavit of Kenneth I. Feinman in opposition to defendant's motion to

### FACTS

Plaintiff alleges the following facts in her complaint. In July 1992 plaintiff was a student at Alfred University. She engaged at that time in an in-depth, extensive, long-term study and research project under the advice and direction of defendant Dr. Amy Rummel. Dr. Rummel directed plaintiff in January 1993 to accept Julie Francis to assist and participate in the project. Ms. Francis was a fellow student at Alfred. Plaintiff and Ms. Francis completed and submitted the project to Dr. Rummel in May 1993. Plaintiff claims that she primarily wrote the project, which was derived from concepts and ideas she formulated.

On August 31, 1994, plaintiff learned that defendants had published the study and research project in the spring 1994 edition of *Hospital Topics*. The article named Julie Francis, Dr. Edward G. Coll, Dr. Amy Rummel, Dr. Frank Duserick, and Dr. Ernest Enke as coauthors. The publication did not attribute any authorship or contribution to plaintiff. Plaintiff claims that defendants published the project without her knowledge or permission for their own purposes and to further their own careers. She alleges causes of action for unlawful conversion, unlawful competition, unjust enrichment, copyright violation, and intentional infliction of emotional distress. She seeks $500,000 damages as to each cause of action.

### DISCUSSION

Defendants, having removed this action to federal court, seek to dismiss it pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff claims that this Court lacks jurisdiction and should remand the action to state court. This Court will first address the jurisdictional issue that plaintiff's motion to remand presents.

dismiss ("Feinman D.Aff."), with exhibits. Defendants filed a reply memorandum in opposition to plaintiff's motion to remand and in support of defendants' motion to dismiss ("D.R. Memo"), and a declaration of Heidi L. Holman ("Holman Dec.").

## 1. *Motion to Remand*

Defendants removed this action to the United States District Court for the Western District of New York on March 1, 1995. They assert that the action constitutes in part a claim by plaintiff to recover damages pursuant to the Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. § 501. This Court, they claim, has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1441(b). Plaintiff disagrees. She argues that her complaint alleges only common law copyright and other state law claims, not violation of the Copyright Act. Federal district court, she contends, does not have original jurisdiction. (Feinman Aff. ¶ 4.) This Court must resolve whether the Copyright Act does in fact preempt plaintiff's claims and, if so, whether removal is proper on that basis.

### A. *Preemption*

The first issue is whether the Copyright Act preempts plaintiff's state law claims. Section 301 of the Copyright Act states in part that:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright ... whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). Congress clearly expressed its purpose: "The intention of Section 301 is to preempt and abolish any rights under the common law or state statutes, that are equivalent to copyright and that extend to works within the Federal Copyright Law." H.R.Rep. No. 1476, 94th Cong., 2d Sess. 130, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5746.

 The Copyright Act preempts a state cause of action if the subject matter of the state law rights falls within the subject matter of federal copyright law and the state law rights asserted are equivalent to the exclusive rights federal copyright law protects. *Computer Associates International, Inc. v. Altai,* 982 F.2d 693, 716 (2d Cir.1992); *Harper & Row, Publishers, Inc. v. Nation Enterprises,* 723 F.2d 195, 200 (2d Cir.1983), *rev'd on other grounds,* 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). "A state right is equivalent to copyright if the state right 'is infringed by the mere act(s) of reproduction, performance, distribution or display.'" *Universal City Studios, Inc. v. The T-Shirt Gallery, Ltd.,* 634 F.Supp. 1468, 1475 (S.D.N.Y.1986) (quoting *Mayer v. Josiah Wedgwood & Sons, Ltd.,* 601 F.Supp. 1523, 1535 (S.D.N.Y.1985)). A common law or state statutory cause of action is not "equivalent" and, hence, not preempted if it requires proof of an "extra element" that changes the "nature of the action so that it is qualitatively different from a copyright infringement claim." *Computer Associates,* 982 F.2d at 716 (quoting *Mayer,* 601 F.Supp. at 1535).[3]

 Defendants contend that the Copyright Act preempts plaintiff's first, second, third, and fourth causes of action. Plaintiff's fourth cause of action alleges that defendants have "violated Plaintiff's copyright." Plaintiff argues that she states a common law copyright claim. According to plaintiff, common law copyright has been preserved to protect the rights of first publication. (P. Memo, pp. 2–4.) Plaintiff is simply incorrect. The Copyright Act "recognized for the first time a distinct statutory right of first publication, which had previously been an element of the common-law protections afforded un-

---

3. Professor Nimmer stated the test for preemption in his classic treatise:

 [A] right which is "equivalent to copyright" is one which is infringed by the mere act of reproduction, performance, distribution or display.... If under state law the act of reproduction, performance, distribution or display ... will *in itself* infringe the state created right, then such right is preempted. But if other elements are required, in addition to or instead of, the acts of reproduction, performance, distribution or display, in order to constitute a state created cause of action, then the right does not lie "within the general scope of copyright," and there is no preemption.

 1 M. Nimmer, The Law of Copyright § 1.01[B][3], at 1–11–12 (1984).

published works." *Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 552, 105 S.Ct. 2218, 2226, 85 L.Ed.2d 588 (1985). "Under the Copyright Act, [the exclusive] rights—to publish, copy, and distribute the author's work—vest in the author of an original work from the time of its creation." *Id.,* 471 U.S. at 546–47, 105 S.Ct. at 2223. The Copyright Act "preempts State copyright law in its entirety. All published or unpublished copyrightable material is protected by statute from the moment of creation, and a suit for statutory copyright infringement is the only available remedy." *Technicon Medical Information Systems Corp. v. Green Bay Packaging, Inc.,* 211 U.S.P.Q. 343 (E.D.Wis.1980); *see also Mention v. Gessell,* 714 F.2d 87, 90 (9th Cir.1983) ("Copyright Act of 1976 preempts common law copyright claims"). The Copyright Act completely preempts plaintiff's common law copyright cause of action.[4]

■ Defendants further claim that federal law preempts plaintiff's causes of action for unlawful conversion, unlawful competition, and unjust enrichment. The issue is whether these claims contain "an 'extra element' which qualitatively distinguishes the actions and their underlying rights from those addressed by copyright law." *Mayer,* 601 F.Supp. at 1535.

Plaintiff's first cause of action alleges that defendants' publication of the project without plaintiff's knowledge or permission constitutes an unlawful conversion. What this cause of action actually seeks is to recover for the unauthorized copying of plaintiff's work. The Copyright Act covers such conduct, and a conversion claim contains no elements qualitatively different from plaintiff's rights under the Copyright Act. *See, e.g., Kakizaki v. Riedel,* 811 F.Supp. 129, 133 (S.D.N.Y.1992) (conversion claim preempted by Copyright Act); *Mayer,* 601 F.Supp. at

1535 (same). Plaintiff's conversion claim is preempted.

Plaintiff further alleges that the same actions of defendants constitute "unlawful competition." She offers no extra qualitative element for this claim either. The unlawful competition claim merely challenges defendants' allegedly unauthorized copying of her work. The Second Circuit has held that "unfair competition and misappropriation claims grounded solely in the copying of plaintiff's protected expression are preempted by section 301." *Computer Associates,* 982 F.2d at 717; *see also Warner Bros. Inc. v. American Broadcasting Companies, Inc.,* 720 F.2d 231, 247 (2d Cir.1983) (noting preemptive effect of the Copyright Act on unfair competition claims). Since plaintiff's unfair competition claim is equivalent to copyright, federal copyright law provides the exclusive means of relief. *See Kregos v. Associated Press,* 795 F.Supp. 1325, 1337 (S.D.N.Y.1992) (unfair competition claim preempted); *Walker v. Time Life Films, Inc.,* 615 F.Supp. 430, 441 (S.D.N.Y.1985) (same).

Plaintiff's unjust enrichment cause of action is similarly preempted. The claim that the unauthorized copying of plaintiff's work unjustly enriched defendants is equivalent to exclusive rights within the general scope of copyright. *See Kakizaki,* 811 F.Supp. at 133 (unjust enrichment claim preempted); *Kunycia v. Melville Realty Co., Inc.,* 755 F.Supp. 566, 577 (S.D.N.Y.1990) (same).

### B. *Propriety of Removal*

Having concluded that section 301(a) of the Copyright Act preempts four of plaintiff's causes of action, this Court must now consider whether removal on the basis of section 301(a) preemption was proper. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

4. Plaintiff relies on *Kramer v. Newman,* 749 F.Supp. 542 (S.D.N.Y.1990), to support her claim of common law copyright protection. This reliance is misplaced since *Kramer* was resolved under pre–1978 law. "Assessment of the plaintiff's claims" in *Kramer* required the court to "explore copyright law prior to the 1976 Copyright Act." *Id.* at 548. The instant case does not

require a similar assessment of pre–1978 law. The new federal copyright law governs. There is no dispute, as the court in *Kramer* noted, that before 1976 "[t]he common law of copyright (often referred to as the right of first publication) was not preempted by federal law." *Id.* Plaintiff's common law claim, however, arises after 1978 and therefore is preempted.

defendant or the defendants, to the district court of the United States ... where such action is pending." 28 U.S.C. § 1441(a). "The district courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They have exclusive jurisdiction of "any civil action arising under any Act of Congress relating to ... copyrights...." 28 U.S.C. § 1338(a).

■ The " 'well-pleaded complaint rule' ... provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). "The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 2847 n. 9, 77 L.Ed.2d 420 (1983). Ordinarily, a case may not be removed on the basis of a federal defense, including the defense of preemption, even if anticipated in the complaint. *Smith v. Dunham–Bush, Inc.,* 959 F.2d 6, 8 (2d Cir.1992). The preemptive force of a statute, however, may be so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). "[I]f Congress completely preempts an area of state law, any 'complaint raising this select group of claims is necessarily federal in character.'" *Smith,* 959 F.2d at 8 (quoting *Metropolitan Life,* 481 U.S. at 63–64, 107 S.Ct. at 1546). When federal law completely preempts state law claims, the complaint arises under federal law and removal is proper. *See Metropolitan Life,* 481 U.S. at 67, 107 S.Ct. at 1548. "Congressional purpose is the 'ultimate touchstone' in determining whether federal law preempts a particular state action." *Smith,* 959 F.2d at 8 (citation omitted).

■ Courts have applied the complete preemption corollary to the well-pleaded complaint rule in cases raising claims preempted by section 301 of the Copyright Act. This Court agrees with the Fourth Circuit's decision in *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d 225 (4th Cir.1993):

> The grant of exclusive jurisdiction to the federal district courts over civil actions arising under the Copyright Act, combined with the preemptive force of § 301(a), compels the conclusion that Congress intended that state-law actions preempted by § 301(a) of the Copyright Act arise under federal law. Accordingly, we hold that the preemptive force of § 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by § 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule. Since claims preempted by § 301(a) arise under federal law, removal of actions raising these claims to federal district court is proper.

*Id.* at 232; *see also Gemcraft Homes Inc. v. Sumurdy,* 688 F.Supp. 289 (E.D.Tex.1988).[5] Removal of plaintiff's complaint was therefore proper since section 301(a) preempted four of plaintiff's state law claims, including the fourth cause of action for copyright violation. This Court has original jurisdiction over plaintiff's copyright violation claim pursuant to 28 U.S.C. §§ 1331 and 1338(a). Accordingly, plaintiff's motion to remand this action to state court will be denied.

**2. Motion to Dismiss**

With removal proper, plaintiff's motion to dismiss the complaint on the grounds that plaintiff has not stated claims for copyright infringement or intentional infliction of emotional distress must be resolved. Fed. R.Civ.P. 12(b)(6) provides for dismissal of an action where a plaintiff has failed to state a claim upon which relief can be granted. In reviewing a motion to dismiss, a court must assume the facts alleged by the plaintiff to be true and must liberally construe them in the

---

5. As the Fourth Circuit noted in *Rosciszewski,* the derivative jurisdiction rule, which prevented removal of claims within the exclusive jurisdiction of the federal courts, was abolished in 1986. *See*

28 U.S.C. § 3721; *see also* 28 U.S.C. § 1441(e) (permitting district court to hear claims removed from state court even if state court did not have jurisdiction).

light most favorable to the plaintiff. *Easton v. Sundram,* 947 F.2d 1011, 1014 (2d Cir. 1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Therefore, "the court should not dismiss the complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 123 (2d Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "The court's task on a Rule 12(b)(6) motion is not to rule on the merits of plaintiffs' claims, but to decide whether, presuming all factual allegations in the complaint to be true, and drawing all reasonable inferences in the plaintiff's favor, the plaintiff could prove any set of facts which would entitle him to relief." *Weiss v. Wittcoff,* 966 F.2d 109, 112 (2d Cir.1992) (citations omitted).

The issues this Court must resolve are (1) whether plaintiff has stated a claim of copyright infringement under the Copyright Act in the fourth cause of action and (2) whether plaintiff has stated a claim for the intentional infliction of emotional distress in the fifth cause of action.

### A. *Copyright Infringement*

In a copyright infringement action, a plaintiff must establish (1) ownership of the copyright and (2) copying by the defendants. *See Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 455 (2d Cir.1989); *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.,*

780 F.2d 189, 192 (2d Cir.1985); *Reyher v. Children's Television Workshop,* 533 F.2d 87, 90 (2d Cir.1976). Plaintiff admits that she "does not own any Federal Copyright nor challenge any Federal Copyright." (P. Memo, p. 7.) Since she does not own a copyright, she has failed to state a copyright infringement claim.

### B. *Intentional Infliction of Emotional Distress*

Since no federal issues survive, plaintiff's state law cause of action for intentional infliction of emotional distress will be dismissed for lack of jurisdiction. "District courts may decline to exercise supplemental jurisdiction over a claim ... if ... (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Purgess v. Sharrock,* 33 F.3d 134, 138 (2d Cir.1994) (quoting *Castellano v. Board of Trustees,* 937 F.2d 752, 758 (2d Cir.1991). Accordingly, plaintiff's claim for intentional infliction of emotional distress will be dismissed.[6]

### *CONCLUSION*

For the reasons set forth above, the Copyright Act of 1976 preempts plaintiff's first, second, third, and fourth causes of action. This Court has original subject matter jurisdiction over this action, and plaintiff's motion to remand will be denied. Plaintiff fails,

---

**6.** Plaintiff in any event is hard pressed to state a claim for intentional infliction of emotional distress. The New York Court of Appeals has adopted the Restatement formulation for this tort: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *Howell v. New York Post Co., Inc.,* 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353, 612 N.E.2d 699, 702 (1993) (quoting Restatement (Second) of Torts § 46[1] (1965)). "The tort has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell,* 81 N.Y.2d at 121, 596 N.Y.S.2d at 353, 612 N.E.2d at 702. The "requirements of the rule are rigor-

ous, and difficult to satisfy." *Id.* 81 N.Y.2d at 122, 596 N.Y.S.2d at 353, 612 N.E.2d at 702.

Plaintiff, it clearly seems, has not alleged the "extreme and outrageous conduct" necessary to state a claim for intentional infliction of emotional distress. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236, 448 N.E.2d 86, 90 (1983) (quoting Restatement (Second) of Torts § 46 cmt. d). The facts alleged by plaintiff, namely the unauthorized publication of her study and research project, fall far short of this strict standard.

however, to state a claim for copyright violation under the Copyright Act, and her claim for intentional infliction of emotional distress will be dismissed for lack of jurisdiction. Defendants' motion to dismiss plaintiff's complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6) will therefore be granted.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to remand this action from the United States District Court for the Western District of New York to the Supreme Court of the State of New York, County of Allegany, is DENIED.

FURTHER, that defendants' motion to dismiss plaintiff's complaint in its entirely pursuant to Fed.R.Civ.P. 12(b)(6) is GRANTED.

SO ORDERED.