Gage Frederik **ROMMEL, Individually and d/b/a The Columbia County Real Estate Guide and County Real Estate Services, Inc. d/b/a Homebuyers, Plaintiffs,**

v.

**James M. LAFFEY, Timothy Moriarty and Homebuyers Publications, Inc., a Massachusetts Corporation, Defendants.**

No. 99–CV–1071.

United States District Court, N.D. New York.

July 5, 2000.

William J. Better, Kinderhook,.NY.

Whiteman, Osterman & Hanna, John J. Henry, of counsel, Albany, NY.

## MEMORANDUM—DECISION AND ORDER

MORDUE, District Judge.

### INTRODUCTION

Defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) in this copyright infringement action. Plaintiffs cross-move for a preliminary injunction.

## COMPLAINT

On July 2, 1999, plaintiffs filed a complaint in New York State Supreme Court, Columbia County, alleging that since 1984 plaintiffs have published a monthly real estate guide entitled "Homebuyers," that in March 1999, pursuant to N.Y.Gen.Bus.Law § 130, plaintiff Gage Rommel filed a certificate to do business under the name "The Columbia County Real Estate Guide," and that in May 1999, defendants began publishing a monthly real estate guide entitled "The Columbia County Real Estate Guide."

The complaint sets forth six causes of action: (1) misappropriation of trade secrets arising out of a confidentiality agreement allegedly entered into by the parties in connection with negotiations for defendants' acquisition of plaintiffs' business; (2) wrongful use of the name "The Columbia County Real Estate Guide" arising out of Rommel's filing of a certificate to do business under an assumed name under N.Y.Gen.Bus.Law § 130; (3) monetary damages for defendants' alleged violation of the "common law copyright doctrine" in infringing plaintiffs' advertising layouts; (4) injunctive relief for defendants' alleged violation of the common law copyright doctrine; (5) injunctive relief for defendants' alleged copyright infringement under the Federal Copyright Act; and (6) monetary damages for defendants' alleged copyright infringement under the Federal Copyright Act.

## DISCUSSION

### Fed.R.Civ.P. 12(b)(6)

In addressing this motion pursuant to Fed. R.Civ.P. 12(b)(6), the Court must "construe any well-pleaded factual allegations in the complaint in favor of the plaintiff and dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gagliardi v. Village of Pawling,* 18 F.3d 188, 191 (2d Cir.1994) (citations and internal quotation marks omitted). The court's function on a dismissal motion "is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 Int'l Brotherhood of Electrical Workers,* 905 F.2d 35, 37 (2d Cir.1990).

### Copyright claims under the Federal Copyright Act

Article I, section 8, clause 8 of the United States Constitution gives Congress the power "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." In 1976, Congress enacted the Copyright Act, 17 U.S.C. §§ 101, *et seq.,* which affords copyright protection "in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102. The Act defines "infringer of the copyright" as "[a]nyone who violates any of the exclusive rights of the copyright owner," 17 U.S.C. § 501(a), and provides remedies for infringement, including injunctive and monetary relief. 17 U.S.C. §§ 502–506. Subject to certain exceptions not pertinent here, "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see Fonar Corp. v. Domenick,* 105 F.3d 99, 103 (2d Cir.1997); *Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 455 (2d Cir.1989); *Demetriades v. Kaufmann,* 680 F.Supp. 658, 661 (S.D.N.Y. 1988).[1]

■ On this motion plaintiffs submit documents indicating that, subsequent to the institution of this action, they filed copyright applications. It is well established in this Circuit that mere application for a copyright does not support a claim under the Copyright

---

1. As explained by the District Court in *Demetriades v. Kaufmann,* 680 F.Supp. 658, 661 (S.D.N.Y.1988) (citations and internal quotation marks omitted): "An action for Federal copyright infringement does not lie until registration of the copyright claim has been made ... or registration has been refused.... The rationale for this requirement is consistent with the obligations of the Copyright Office to determine in the first instance the validity of a copyright request."

Act. *See Noble v. Town Sports Int'l, Inc.*, 1998 WL 43127 (S.D.N.Y.1998); *National Ass'n of Freelance Photographers v. Associated Press*, 1997 WL 759456, at *12 (S.D.N.Y.1997); *Demetriades*, 680 F.Supp. at 661. The fifth and sixth causes of action lack merit.

### Copyright claims under the common law

■ Plaintiffs also assert rights under what they call the "common law copyright doctrine." It is well established that the Copyright Act, effective in 1978, preempts state law and common law copyright claims. Section 301 of the Copyright Act states in part that, after the effective date of the Copyright Act, "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a). Congress clearly expressed its purpose: "The intention of Section 301 is to preempt and abolish any rights under the common law or state statutes, that are equivalent to copyright and that extend to works within the Federal Copyright Law." H.R.Rep. No. 1476, 94th Cong., 2d Sess. 130, reprinted in 1976 U.S.C.C.A.N. 5659; 5746; *see Patrick v. Francis*, 887 F.Supp. 481, 484 (W.D.N.Y. 1995). In determining whether an asserted right is "equivalent to copyright" and therefore preempted by the Copyright Act, Courts look to the elements of the claim.[2]

■ In the case at bar, it is obvious that plaintiffs' claims based on an alleged common-law copyright are "equivalent to" a claim under the Copyright Act. Thus, they are preempted by the Copyright Act.

**2.** For example, in *Patrick,* the District Court engaged in the following analysis:

Plaintiff's first cause of action alleges that defendants' publication of the project without plaintiff's knowledge or permission constitutes an unlawful conversion. What this cause of action actually seeks is to recover for the unauthorized copying of plaintiff's work. The Copyright Act covers such conduct, and a conversion claim contains no elements qualitatively different from plaintiff's rights under the Copyright Act. Plaintiff's conversion claim is preempted. Plaintiff further alleges that the same actions of defendants constitute "unlawful competition." She offers no extra qualitative element for this claim either. The unlawful competition claim merely challenges

The Court also observes that plaintiffs' common-law copyright claim is primarily based on advertisements placed in plaintiffs' publication by area realtors. Rommel's alleged assistance to these realtors in designing their advertising layouts would not, however, without more, give Rommel a protectible interest in those layouts. Defendants are entitled to dismissal of the third and fourth causes of action.

### Misappropriation claim

■ The first cause of action of the complaint alleges that in connection with unsuccessful negotiations for the sale of plaintiff's business to defendants, the parties entered into a confidentiality agreement whereby plaintiffs revealed unspecified proprietary information to defendants, and that thereafter, defendants used the information in violation of the agreement. To the extent that plaintiffs' first cause of action sounds in conversion or misappropriation of trade secrets, it is preempted by the Copyright Act. *See id.* To the extent that it sounds in breach of contract, it lacks merit for failure to allege in nonconclusory language the essential terms of the parties' purported contract, whether it is written or oral, and the nature of the breach. *See generally Sud v. Sud,* 211 A.D.2d 423, 621 N.Y.S.2d 37, 38 (1st Dep't 1995) (citing *Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.,* 129 A.D.2d 927, 514 N.Y.S.2d 1002 (3d Dep't 1987)). Nor do Rommel's submissions on this motion remedy this defect. The first cause of action does not state a claim upon which relief can be granted

defendants' allegedly unauthorized copying of her work. The Second Circuit has held that unfair competition and misappropriation claims grounded solely in the copying of plaintiff's protected expression are preempted by section 301. Since plaintiff's unfair competition claim is equivalent to copyright, federal copyright law provides the exclusive means of relief. Plaintiff's unjust enrichment cause of action is similarly preempted. The claim that the unauthorized copying of plaintiff's work unjustly enriched defendants is equivalent to exclusive rights within the general scope of copyright.

*Patrick v. Francis,* 887 F.Supp. 481, 484 (W.D.N.Y.1995) (internal citations and quotation marks omitted).

### Lanham Act

■ Plaintiffs argue on this motion that defendants' use of the name "The Columbia County Real Estate Guide" violates 15 U.S.C. 1125(a), also known as section 43(a) of the Lanham Act. The complaint does not expressly set forth a Lanham Act claim. Further, it contains no allegations supporting a finding that plaintiffs have a valid mark that is entitled to protection under the Lanham Act. *See generally The Sports Auth., Inc. v. Prime Hospitality Corp.,* 89 F.3d 955, 960 (2d Cir.1996). Nor do the allegations in Rommel's affidavit or the attachments thereto support such a claim. Indeed, plaintiffs do not specify what mark they seek to protect. Plaintiffs do not assert that they have ever actually used the name "The Columbia County Real Estate Guide." Surely they cannot seriously contend that defendants' publication under the trade name "The Columbia County Real Estate Guide" is confusingly similar to their publication under the trade name "Homebuyers Guide." Plaintiffs have stated no cognizable claim under the Lanham Act.

### N.Y.Gen.Bus.Law § 130

■ In the second cause of action, plaintiffs claim that they filed in the Columbia County Clerks Office a certificate pursuant to section 130 of the N.Y.Gen.Bus.Law to conduct business under the assumed name, "The Columbia County Real Estate Guide."

Section 130(8–a) of the N.Y.Gen.Bus.Law provides:

> The acceptance of a certificate by the county clerk or the secretary of state for filing pursuant to the provisions of this section shall not be construed to confer any right to or interest in any trade name; nor shall any of the provisions of this section be construed to affect the rights to, or the enforcement of any rights to, any trade name acquired at any time under the common law of this state.

The purpose of section 130 is to protect the public, by affording information to the public concerning the identity of the persons conducting a business, *see Holiday Point Realty Co. v. Kemper Corp.,* 118 A.D.2d 545, 498 N.Y.S.2d 865, 867 (2d Dept.1986), not to pro-vide a remedy for plaintiffs who fail to make out a claim under the Copyright Act or the Lanham Act. There is no merit to the second cause of action.

### CONCLUSION

Defendants are entitled to dismissal of the complaint in its entirety for failure to state a cause of action. Accordingly, there is no basis to award injunctive relief to plaintiffs. The Court denies defendants' request for an award of attorney's fees.

It is therefore

ORDERED that defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted in its entirety, and it is further

ORDERED that defendants' request for attorney's fees is denied, and it is further

ORDERED that plaintiffs' cross motion for a preliminary injunction is denied.

IT IS SO ORDERED.