Unobagha v Hilton Garden Inn Times Sq. N. (2023 NY Slip Op 02629)

Unobagha v Hilton Garden Inn Times Sq. N.

2023 NY Slip Op 02629

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Renwick, A.P.J., Webber, Oing, Singh, Kennedy, JJ. 

Index No. 652744/22 Appeal No. 265 Case No. 2023-00143 

[*1]Uzo Unobagha et al., Plaintiffs-Appellants,
v
Hilton Garden Inn Times Square North et al., Defendants-Respondents.

Law Offices of K.C. Okoli, P.C., New York (Kenechukwu Okoli of counsel), for appellants.
Littler Mendelson P.C., New York (Eli Freedberg of counsel), for respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 16, 2022, which granted defendants' motion to dismiss the complaint and denied plaintiffs' cross-motion for sanctions, unanimously affirmed, without costs.
The court properly dismissed plaintiffs' claim for race discrimination under the New York City Human Rights Law (Administrative Code of City of NY § 8-107 et seq.) for failure to state a cause of action (CPLR 3211[a][7]). Plaintiffs alleged that they are "African American female[s] with . . . distinct foreign accent[s]," and claim that they were evicted from defendant hotel by the police following a verbal dispute with the hotel representative, who did "not appear to be African American, and [did] not speak with a distinct foreign accent." Plaintiffs further allege that during the dispute, the representative remarked that she had "thrown Diamond Members like [plaintiffs] out" of the hotel in the past. Plaintiffs, however, do not allege that the hotel representative made any other comments suggesting that this statement referred to plaintiffs' race, rather than a reference to their hotel membership status. Nor does the complaint contain any allegations concerning defendants' treatment of similarly situated guests of other races. These allegations of racial discrimination, without more, are insufficient to raise an inference that defendants' treatment of plaintiffs, although antagonistic and unjustified, was racially motivated (see Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 204-206 [1st Dept 2015]; Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]).
The court also properly dismissed plaintiffs' claim for breach of contract. Plaintiffs do not dispute that they made their reservation through Expedia, not through the hotel. The complaint otherwise "fail[s] to allege, in nonconclusory language, as required, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated" (Matter of Sud v Sud, 211 AD2d 423, 424 [1st Dept 1995]).
Because defendants' motion to dismiss was properly granted, that motion was not frivolous under 22 NYCRR 130-1.1(c). Thus, the court properly denied plaintiffs' cross-motion for sanctions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023