■ ALBERT J. SORRENTINO, JR., Appellant, v CITICORP et al., Respondents. [755 NYS2d 78] —Order, Supreme Court, New York County (Richard Braun, J.), entered December 3, 2001, which, in an action for age discrimination and breach of contract, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Assuming in plaintiff's favor that he was a resident of New York at the time of the alleged discriminatory acts, the age discrimination cause of action must be dismissed because the Human Rights Law does not provide a private cause of action to New York residents discriminated against outside of New York by foreign corporations (Executive Law § 298-a; see Sherwood v Olin Corp., 772 F Supp 1418, 1424-1425 [SD NY]). Defendants are concededly foreign corporations (see General Construction Law § 66 [14]), and there is no evidence tending to show that they committed discriminatory acts against plaintiff in New York. We reject plaintiff's argument that jurisdiction exists because defendants' re-evaluation project, which allegedly had a disparate impact on defendant's older officer-level employees, originated in New York and was implemented in compliance with guidelines issued in New York with the help of personnel based in New York. The e-mail from defendant's chairman on which plaintiff relies did not demand that any particular action be taken, but rather simply commented on the large number of officers within defendant's corporate structure as a whole. Each business head was free to adopt his or her own plan to address this concern. There is no evidence that the particular re-evaluation plan that allegedly caused plaintiff to lose his job in Connecticut was conceived or implemented by any New York-based personnel. Without reaching the issue of whether a disparate impact claim is cognizable, we would note that the analysis submitted by plaintiff's expert would not factually support such a claim (see Bohlke v General Elec. Co., 293 AD2d 198, lv dismissed 98 NY2d 693). Nor is there merit to plaintiff's contention that the job security guidelines entitle him to any benefits other than those he received. Indeed, the Policy Manual expressly reserves defendant's right to change policies (see Matter of De Petris v Union Settlement Assn., 86 NY2d 406, 410). Concur—Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.