■ MICHELLE ESPOSITO, Appellant, v ALTRIA GROUP, INC., et al., Respondents. [888 NYS2d 47]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered July 28, 2008, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 16, 2008, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

Although plaintiff claimed that Altria Group's human resources department controlled labor relations at all of the Altria companies, including Philip Morris Capital Corporation, which employed plaintiff, she failed to demonstrate that Altria exercised control over or made any employment decisions related to her, and therefore Altria may not be held liable for Philip Morris's alleged unlawful conduct towards her (*see Cook v Arrowsmith Shelburne, Inc.*, 69 F3d 1235, 1240-1241 [2d Cir 1995]).

Plaintiff's claims under the New York State Human Rights Law and the New York City Human Rights Law were correctly dismissed. Even if she could establish that she is disabled within the broader meaning of these laws (*see Phillips v City of New York*, 66 AD3d 170, 174-178 [2009]; Executive Law § 292 [21]; Administrative Code of City of NY § 8-102 [16]; *see also Loeffler v Staten Is. Univ. Hosp.*, 582 F3d 268, 278 [2d Cir 2009]), plaintiff, a New York resident, has no right to bring a proceeding under these statutes against a foreign corporation for discrimination that allegedly occurred outside New York (*see Sorrentino v Citicorp*, 302 AD2d 240 [2003]; *Hoffman v Parade Publs.*, 65 AD3d 48 [2009]).

Plaintiff's claim under the Americans with Disabilities Act (ADA) was correctly dismissed because plaintiff failed to establish that she was denied reasonable accommodations. Her employer allowed her to leave work early for therapy appointments and granted her two short-term disability leaves. It was not required to grant her an indefinite leave of absence (*see Mitchell v Washingtonville Cent. School Dist.*, 190 F3d 1, 9 [2d Cir 1999]) or a transfer to a position in another department that was occupied by another employee (*see Micari v Trans World Airlines, Inc.*, 1999 WL 1254518, *1, 1999 US App LEXIS 32742, *3-4 [2d Cir 1999]).

Under the ADA, the facts alleged by plaintiff do not give rise to a hostile work environment claim (*see Kodengada v International Bus. Machs. Corp.*, 88 F Supp 2d 236, 243 [SD NY 2000], *affd* 242 F3d 366 [2d Cir 2000]) or a retaliation claim (*see O'Dell v Trans World Entertainment Corp.*, 153 F Supp 2d 378, 392-394 [SD NY 2001], *affd* 40 Fed Appx 628 [2d Cir 2002]). Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ. [*See* 2008 NY Slip Op 31985(U).]