12-557-cv
Harte v. Woods Hole Oceanographic Inst.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand twelve.

PRESENT:  REENA RAGGI,
          DEBRA ANN LIVINGSTON,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

-----------------------------------------------------------------------

JOSEPH HARTE,

                    *Plaintiff-Appellant*,

          v.                                            No. 12-557-cv

WOODS HOLE OCEANOGRAPHIC INSTITUTION,
                    *Defendant-Appellee*.

-----------------------------------------------------------------------

FOR APPELLANT:        Eric Andrew Suffin, Esq., New York, New York.

FOR APPELLEE:         Daniel J. Doron, Goodwin Procter, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District

of New York (Raymond J. Dearie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment entered on January 10, 2012, is AFFIRMED.

Plaintiff Joseph Harte appeals from the dismissal of his age discrimination claims brought against his former employer, Woods Hole Oceanographic Institution ("Woods Hole"), under New York and Massachusetts law. Harte charges the district court with error in dismissing (1) his claim under the New York State Human Rights Law, N.Y. Exec. Law § 297 et seq (2012), on the ground that the statute does not permit a New York resident to bring a proceeding against a foreign corporation for discrimination that occurred outside of New York, and (2) his claim under the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws ch. 151B (2010) on the ground that he failed to exhaust administrative remedies. In reviewing the challenged dismissal de novo, see Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012), we assume the parties' familiarity with the facts and the record of prior proceedings, referencing them only as necessary to explain our decision to affirm.

Insofar as Harte argues that the New York State Human Rights Law allows a New York resident to sue for discrimination in employment outside New York, we are not persuaded. Although the New York Court of Appeals has not ruled on the question, one of the state's intermediate appellate courts has consistently ruled that the statute "does not provide a private cause of action to New York residents discriminated against outside of New York by foreign corporations." Sorrentino v. Citicorp, 302 A.D.2d 240, 240, 755 N.Y.S.2d 78, 78 (1st Dep't 2003); see Esposito v. Altria Grp., Inc., 67 A.D.3d 499, 500, 888 N.Y.S.2d 47, 48 (1st Dep't 2009) ("[P]laintiff, a New York resident, has no right to bring a proceeding

2

under [the New York State Human Rights Law] against a foreign corporation for [disability] discrimination that allegedly occurred outside New York."), leave to appeal denied, 15 N.Y.3d 701, 905 N.Y.S.2d 803 (2010). Because no Appellate Division department has held otherwise, and there is no persuasive evidence that the New York Court of Appeals would decide the issue differently, we apply the law as construed by the First Department. See Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 344 F.3d 211, 221 (2d Cir. 2003).

Harte's reliance on the New York Court of Appeals' decision in Hoffman v. Parade Publ'ns, 15 N.Y.3d 285, 907 N.Y.S.2d 145 (2010), is misplaced. That case considered a different question, namely whether a non-resident of New York who also does not work in New York may sue under the New York State Human Rights Law for an adverse employment decision made in New York. See id. at 290–91, 907 N.Y.S.2d at 147–48. The Court of Appeals concluded that a plaintiff must allege more than an adverse employment decision made in New York; he must also allege that the defendant's "alleged discriminatory conduct had an impact in New York." Id. at 291, 907 N.Y.S.2d at 148. This in no way casts doubt on the First Department's holding in Sorrentino.[1]

Harte's argument that equitable estoppel, tolling, or waiver should excuse his failure

---

[1] Insofar as Harte's brief invokes the Fourteenth Amendment's Equal Protection, Due Process, and Privileges or Immunities Clauses without any developed argument, we deem any such constitutional claims waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

3

to comply with the exhaustion requirement of the Massachusetts Fair Employment Practices Act is likewise meritless. That statute provides that "[a]ny person claiming to be aggrieved by a practice made unlawful under this chapter . . . may, at the expiration of ninety days after the filing of a complaint with the commission, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief." Mass Gen. Laws ch. 151(b), §9 (2010). The clear import of this language is that a litigant <u>must</u> exhaust available administrative remedies before filing a claim in court under the Massachusetts Fair Employment Practices Act. <u>See</u> <u>Melley v. Gillette Corp.</u>, 19 Mass. App. Ct. 511 (1985), <u>aff'd</u> 397 Mass. 1004, 1004 (1986). It is undisputed that Harte never pursued those remedies. We decline to create a new exception to this rule in the absence of any indication that the Massachusetts Supreme Judicial Court would do so.[2]

For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] As the district court properly recognized, to the extent Harte raises a tolling argument, the proper forum for raising the argument is the Massachusetts Commission Against Discrimination, <u>see</u> Mass. Gen. Laws ch. 151B, § 5 ("Any complaint filed pursuant to this section must be so filed within 300 days after the alleged act of discrimination."), not federal court.