■ KELLEY D.F. HARDWICK, Appellant, v GENO AURIEMMA et al., Respondents, et al., Defendants. [983 NYS2d 509]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 15, 2013, which granted defendants James Tooley and USA Basketball, Inc.'s motion to dismiss the causes of action for violations of the New York State and New York City Human Rights Laws pursuant to CPLR 3211 (a) (2), granted defendant Geno Auriemma's motion to dismiss the cause of action for assault pursuant to CPLR 3211 (a) (8), and dismissed the complaint in its entirety as to all three defendants, unanimously affirmed, without costs.

Plaintiff is the Director of Security for her employer, the National Basketball Association (NBA). She commenced this action against defendants alleging, inter alia, discrimination and retaliation in violation of the State and City Human Rights Law. Defendants Geno Auriemma and James Tooley are employed, respectively, as the executive director and head coach of USA Basketball, Inc. (USAB), the national governing body for the sport of basketball. Although it is an Illinois corporation, USAB has its main headquarters in Colorado Springs. Tooley is a Colorado resident and Auriemma is a Connecticut resident. The NBA is a New York City based company and a member of the USAB. Although plaintiff resides within the state, she is not a New York City resident.

Plaintiff had expected to provide security to the Women's National Basketball team at the 2012 London Olympics and had traveled with it to the Olympics on at least two prior occasions in 2004 and 2008. In 2011, however, while she was abroad with the team, plaintiff learned that Auriemma had instructed Tooley that he did not want her at the 2012 Olympics. Plaintiff claims

that Auriemma's actions were motivated by her rejection of Auriemma's inappropriate sexual advances towards her during a 2009 overseas assignment.

Plaintiff alleges that Tooley cooperated with Auriemma's request, and contacted her supervisor, James Cawley, who agreed to remove her from the 2012 London Olympics assignment. After plaintiff complained about the reassignment, the NBA investigated and found her complaint unsubstantiated. Plaintiff then commenced this action in June 2012. Subsequently, in July 2012, she learned that the NBA had decided that she would be attending the London Olympics after all.

Although she attended the Olympics, plaintiff claims that she had "significantly diminished material responsibilities" while in London. Her complaints included that she was not provided with certain security credentials that would have allowed her access to the basketball arena, she was assigned to transport guests to and from the arena, and she was told she could not sit in the bleachers at the gym while the team was practicing. Plaintiff claims these limitations were all part of Auriemma's retaliation campaign against her, in which Cawley and Tooley were complicit.

USAB, Tooley and Auriemma moved to dismiss the complaint against them. Their motions were granted on the basis that the discriminatory acts alleged took place outside of New York by nonresidents and the conduct alleged had no impact in New York. The court rejected plaintiff's argument that her place of employment was the location of the injury for purposes of evaluating where its impact was felt. Her employer and Cawley have answered the complaint. They have not moved and the order appealed from does not affect plaintiff's claims against them. We agree that the motions by non-residents USAB, Auriemma and Tooley, dismissing the Human Rights Law and collateral tort claims against then, were properly granted.

The State and City Human Rights Laws do not apply to acts of discrimination against New York residents committed outside their respective boundaries by foreign defendants (*see e.g. Sorrentino v Citicorp*, 302 AD2d 240 [1st Dept 2003]; *see also* Executive Law § 296 [1] [a], [e]; Administrative Code of the City of NY §§ 2-201, 8-101). In analyzing where the discrimination occurred, "courts look to the location of the impact of the offensive conduct" (*Robles v Cox & Co., Inc.*, 841 F Supp 2d 615, 623 [EDNY 2012] [internal quotation marks omitted]). A non-New York City resident cannot avail him or herself of the protections of the City Human Rights Law unless he or she can demonstrate that the alleged discriminatory act had an impact

within the City's boundaries (*Hoffman v Parade Publs.*, 15 NY3d 285, 289 [2010]). Although plaintiff does not reside in New York City, she resides within the state and is employed by the NBA which is based in New York City. However, the order on appeal addresses plaintiff's claims against USAB, Auriemma and Tooley, none of which are residents of this state. Thus, the focus is on whether the actions these defendants are alleged to have committed had an impact within the respective boundaries of the City and State of New York, in order for the court to exercise jurisdiction over them.

Plaintiff contends that the decision to reassign her and later reduce her responsibilities took place within the City boundaries and, therefore, her place of employment is where the impact of the alleged discriminatory acts occurred. However, it is the place where the impact of the alleged discriminatory conduct is felt that controls whether the Human Rights Laws apply, not where the decision is made (*see Hoffman v Parade Publs.*, 15 NY3d at 290-292; *Robles v Cox & Co., Inc.*, 841 F Supp 2d at 623-624). This standard applies whether the claim is made under the City or State Human Rights Laws (*Hoffman*, 15 NY3d at 289-291). Without more, plaintiff's mere employment in New York does not satisfy the "impact" requirement.

The allegations in the amended complaint, construed broadly in favor of plaintiff, fail to allege any facts sufficient to state a claim under the Human Rights Laws against non-residents USAB, Auriemma and Tooley. Even if the decision to modify her assignment was made within the City's boundaries, the discriminatory acts alleged did not occur within the City or State of New York, but in London where she claims she was relegated to inferior tasks not commensurate with her usual assignments (*see Shah v Wilco Sys., Inc.*, 27 AD3d 169, 176 [1st Dept 2005]). Plaintiff makes no claim that the alleged retaliatory acts, including the reduction in her duties at the London Olympics, have had any impact on the terms, conditions or extent of her employment with the NBA within the boundaries of New York. Although she describes events that took place while she was in London, and describes her duties there as being less privileged than her usual assignments, it does not appear that her job has been negatively affected. The complaint's conclusory assertion that plaintiff's New York City employment was affected by the discriminatory conduct in London, is insufficient to establish subject matter jurisdiction. Since plaintiff failed to set forth any factual allegations supporting her claim that the acts had an impact within the boundaries of this state, there is no subject matter jurisdiction over plaintiff's Human

Rights claims against USAB, Tooley or Auriemma and they were properly dismissed against these defendants.

We reject plaintiff's contention that she has separate tort claims against Auriemma and Tooley, based on an alleged agreement to aid and abet each other in discriminating against her, which survives dismissal of the Human Rights Law claims. Not only are these allegations insufficiently pleaded (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 328 [2004]), but an individual cannot aid and abet his or her own violation of the Human Rights Law (*Strauss v New York State Dept. of Educ.*, 26 AD3d 67, 73 [3d Dept. 2005]). Since it is alleged that Auriemma's own actions give rise to the discrimination claim, he cannot also be held liable for aiding and abetting. In any event, the civil tort alleged against Auriemma and Tooley is blurred and indistinguishable from the dismissed Human Rights Law claims against them. Consequently, these tort claims were also properly dismissed. We do not reach the issue of whether the court had long arm jurisdiction over these defendants.

Plaintiff's appeal from the dismissal of the assault claim is deemed abandoned since she failed to address it in her appellate brief (*Mehmet v Add2Net, Inc.*, 66 AD3d 437, 438 [1st Dept 2009]).

Finally, leave for jurisdictional discovery was properly denied. Plaintiff failed to show that discovery would uncover facts establishing that the impact of the alleged discrimination was felt in New York (*see* CPLR 3211 [d]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Gische, JJ.