(November 9, 2017)

■ SHERMA CASTILLO, Appellant, v MONTEFIORE MEDICAL CENTER, Respondent. [63 NYS3d 232]—

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about July 22, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

On August 6, 2012, defendant hired plaintiff as a patient care technician, subject to a 90-day probationary period. After plaintiff started her employment, the administrator of the clinic observed plaintiff at work and noticed that she "did not show that she wanted to work." Two physicians also provided negative feedback to the administrator about plaintiff's employment, including that the physicians were unhappy with plaintiff, that "she's not working," and that she did not meet the standards expected in the department. On September 12, 2012, the administrator met with plaintiff to inform her of their concerns regarding her job performance, and advised her that she needed to improve and show initiative.

On September 19, 2012, plaintiff learned that she was pregnant. On September 21, 2012, the administrator scheduled a call with plaintiff and her unit supervisor, and the administrator terminated plaintiff's employment.

Defendant established that plaintiff received negative feedback about her performance during her probationary employment, and was told to improve and show initiative. In response, plaintiff fails to raise a triable issue to support her claims of pregnancy-based employment discrimination under the New York State and City Human Rights Laws. Plaintiff admitted that she was not aware of any facts that would support her claim that she was terminated because of her

pregnancy, and she conceded that she did not inform the administrator of her pregnancy. In addition, the administrator stated at her deposition that she did not have any knowledge of plaintiff's pregnancy prior to plaintiff's termination (*see Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 116-121 [1st Dept 2012]). On September 20, 2012, plaintiff told her unit supervisor that she was pregnant, but did not tell the administrator. Moreover, the unit supervisor did not tell anybody that plaintiff was pregnant. Plaintiff has failed to show that the reason proffered by defendant is merely a pretext for discrimination against her (*see Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 44-46 [1st Dept 2011], *lv denied* 18 NY3d 811 [2012]).

Plaintiff's challenge to the dismissal of her retaliation claims is deemed abandoned, as she failed to address those claims in her brief (*see Hardwick v Auriemma*, 116 AD3d 465, 468 [1st Dept 2014], *lv denied* 23 NY3d 908 [2014]). In any event, there is no evidence to support the retaliation claims. Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.