17-2735
Shin v. American Airline, Inc., et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand eighteen.

PRESENT: DENNIS JACOBS,
               CHRISTOPHER F. DRONEY,
                  <u>Circuit Judges</u>,
               MICHAEL P. SHEA,
                  <u>District Judge</u>.[1]

- - - - - - - - - - - - - - - - - - - - -X

BENNY SHIN,
        <u>Plaintiff-Appellant</u>,

        **-v.-**                                      **17-2735**

---

[1] Judge Michael P. Shea, of the United States District Court for the District of Connecticut, sitting by designation.

1

**AMERICAN AIRLINE, INC., AMERICAN
AIRLINES GROUP, INC, ENVOY AIR, INC,
AMERICAN EAGLE AIRLINES, INC**
            **Defendants-Appellees**,

**REPUBLIC AIRLINES, INC, REPUBLIC
AIRWAYS HOLDING, INC, AMERICAN
EAGLE, INC**
            **Defendants**.

- - - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**          JAE S. LEE, JSL Law Offices, P.C.;
                                                                    Flushing, NY.

**FOR DEFENDANTS-APPELLANTS:**          MARK W. ROBERTSON (Ryan
                                                                    Rutledge, on the brief), O'Melveny &
                                                                    Myers LLP; New York, NY.

    Appeal from a judgment of the United States District Court for the Eastern
District of New York (Ross, J.).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED AND DECREED** that the judgment of the district court is
**AFFIRMED**.

    Benny Shin appeals a judgment of the United States District Court for the
Eastern District of New York (Ross, J.) dismissing his complaint under Rule
12(b)(6) for failure to state a claim.  We assume the parties' familiarity with the
underlying facts, the procedural history, and the issues presented for review.

    On June 6, 2016, Shin, a Korean-American pastor, changed planes at
Dallas-Fort Worth Airport.  While waiting to board his flight to Corpus Christi,
Shin was told that he would not be allowed on the flight.  Based on Shin's
observation that the airline permitted several white passengers standing in the
boarding area to board the flight, Shin brought various claims for racial
discrimination, fraud, and breach of contract.

We review de novo the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted).

**1.** The district court held that Shin failed to state a claim under 42 U.S.C. § 1981 because he alleged no facts "[o]ther than the bare allegation that whites were allowed to board the flight[.]" App'x 76. On appeal, Shin argues that specific facts are not needed to state a claim for relief. See Br. of Appellant 10. However, a plaintiff cannot state a plausible claim without "reference to specific statements or individual circumstances that suggest discriminatory treatment." Burgis v. N.Y.C. Dep't of Sanitation, 798 F.3d 63, 69 (2d Cir. 2015). Shin's conclusory allegations of racial discrimination are insufficient.

**2.** The New York State Human Rights Law ("NHYSHRL") "does not provide a private cause of action to New York residents discriminated against outside of New York by foreign corporations." Sorrentino v. Citicorp, 755 N.Y.S.2d 78, 79 (1st Dep't 2003). Shin alleges that the defendants discriminated against him in Texas. Accordingly, the NYSHRL does not apply, and Shin has failed to state a claim under the NYSHRL.

**3.** The district court dismissed the claim for common law misrepresentation because Shin did not plead it with particularity as required by Federal Rule of Civil Procedure 9(b). "[I]n order to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet

Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (internal quotation marks omitted). Citing Iqbal, Shin argues that he is not required to plead discriminatory intent with particularity; but that is irrelevant: Shin has failed to plead *any* facts that would satisfy Lerner's requirements.  Accordingly, Shin has failed to state a claim for misrepresentation.

**4.** The district court held that Shin's claim for implied breach of contract is preempted by the Airline Deregulation Act ("ADA"), a reading that Shin does not appear to contest.  Shin argues that the defendants breached an express promise not to discriminate on the basis of race, but a claim for breach of contract must "set forth the terms of the agreement upon which liability is predicated . . . ."  Chrysler Capital Corp. v. Hilltop Egg Farms, Inc., 514 N.Y.S.2d 1002, 1003 (3rd Dep't 1987).  Shin fails to identify any contractual provision that the defendants allegedly breached.

We have considered Shin's remaining arguments and conclude that they are without merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4