Pakniat v Moor (2021 NY Slip Op 01856)





Pakniat v Moor


2021 NY Slip Op 01856


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 160019/19 Appeal No. 13446 Case No. 2020-04336 

[*1]Parinaz Pakniat, Plaintiff-Appellant,
v
Gianni Moor et al., Defendants-Respondents.


Godosky & Gentile, P.C., New York (David M. Godosky of counsel), for appellant.
Blank Rome LLP, New York (Anthony A. Mingione of counsel), for respondents.



Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered May 7, 2020, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court correctly determined that it did not have subject matter jurisdiction over plaintiff's claims of sexual harassment and retaliation under the New York State and New York City Human Rights Laws (HRL) because plaintiff was living and working in Montreal, Canada, at the time of the alleged discriminatory conduct and she failed to allege that the conduct had any impact in either New York State or New York City (see Hoffman v Parade Publs., 15 NY3d 285 [2010]). The fact that the alleged discriminatory acts and unlawful decision to terminate plaintiff's employment occurred in New York is insufficient to plead impact in New York (see id. at 288, 292; Hardwick v Auriemma, 116 AD3d 465, 466-467 [1st Dept 2014], lv denied 23 NY3d 908 [2014]).
Contrary to plaintiff's contentions, the legislature's minor revision of State HRL (Executive Law) § 300 has no bearing on Hoffman v Parade Publ. (15 NY3d 285 [2010], supra). The Hoffman Court relied on sections 290 and 298-a in finding that the statute intended to protect the residents of this State or nonresidents who work in this State (15 NY3d at 291-292). In any event, the amendment does not extend the statute's protections to nonresidents who work for New York employers, notwithstanding the legislature's presumed knowledge of the Hoffman decision (see Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151, 157 [1987]).
In arguing that that the statutes should reach discriminatory conduct that occurs in New York even if the impact is felt by an out of state worker, plaintiff points to the increase in remote working arrangements since the Court of Appeals decided Hoffman. The Covid 19 pandemic has only expanded the diaspora of remote workers, many of them laboring in other states for New York firms. Certainly, the electronic tools that enable this new expanded workplace can be conduits for discriminatory conduct. Additionally, plaintiff is correct that the State and City Human Rights Laws are meant to deter discriminatory behavior by New York employers, as well as to compensate the employees impacted by that behavior. While these arguments have force, the clear directive of Hoffman bars this Court from expanding the jurisdictional breadth of either statute to encompass behavior such as that alleged in the complaint.
The forum selection clause in plaintiff's employment contract, which mandates that all claims arising out of the contract be litigated in New York, does not permit plaintiff to bring her City HRL and State HRL claims as a nonresident. To avail herself of these statutes, plaintiff must still satisfy the jurisdictional requirement that the impact of the discrimination was felt in New York City and State (see Hoffman, 15 NY3d at 292).[FN1]
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021



Footnotes

Footnote 1: The motion court also correctly dismissed plaintiff's breach of contract claim, as she did not oppose defendant's motion with respect to this claim. Moreover, on appeal, plaintiff addresses this claim in a bare, conclusory footnote.