■ ACE Fire Underwriters Insurance Company, as Successor to Aetna Fire Underwriters Insurance Company, et al., Plaintiffs, and Pacific Employers Insurance Company, Respondent, v ITT Industries, Inc., Formerly Known as ITT Corporation and Another, Appellant, et al., Defendants. ACE Fire Underwriters Insurance Company, as Successor to Aetna Fire Underwriters Insurance Company, et al., Appellants, v ITT Industries, Inc., Formerly Known as ITT Corporation and Another, Respondent, et al., Defendants. [924 NYS2d 342]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered July 20, 2007, which, to the extent appealed from, granted plaintiff Pacific Employers Insurance Company's motion to dismiss defendant ITT Industries, Inc.'s first, fourth, seventh and eighth counterclaims for failure to state a cause of action, unanimously affirmed, with costs. Order, same court and Justice, entered August 21, 2007, which granted defendant's motion pursuant to CPLR 327 to sever and stay, pending resolution of a California action, plaintiff's remaining claim for a declaration regarding its contractual obligation, under Endorsement 44 of its insurance policy, to indemnify defendant against certain silica-related claims, unanimously affirmed, with costs.

Supreme Court providently exercised its discretion in sever-

ing and staying plaintiff's remaining claim on the ground of forum non conveniens, since the claim has already been the subject of both a ruling on summary judgment and a decision on appeal in California (*see Minton v Minton*, 277 AD2d 103 [2000]).

The court properly dismissed defendant's breach of contract claim, since it lacked a description of the essential terms of the alleged "claims handling" agreement—namely, parties, duration, date, and consideration (*see Matter of Sud v Sud*, 211 AD2d 423, 424 [1995]).

Defendant's equitable subrogation claim was also properly dismissed. Defendant was obligated to make payments to nonparty Pacific Coast Resources (PCR), the purchaser of its subsidiary. PCR has no rights against plaintiff. Accordingly, there were no rights of PCR to which defendant could be equitably subrogated (*see Gerseta Corp. v Equitable Trust Co. of N.Y.*, 241 NY 418, 426 [1926]).

Dismissal of defendant's claim seeking a declaration that it is entitled to coverage in the event it is named as a defendant in any of the underlying silica-injury cases, was also proper since the declaration sought would be merely advisory (*see New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]).

Lastly, the court properly dismissed defendant's claim for statutory remedies under Pennsylvania Consolidated Statutes, title 42, § 8371. Plaintiff's reason for denying coverage, whether ultimately correct or not, was reasonable, as it merely tracked the plain language of its policy endorsement.

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2007 NY Slip Op 32135(U).]**