*606 Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 9, 2014, which, insofar as appealed from as limited by the briefs, denied defendants’ motion for summary judgment dismissing the complaint’s first through seventh and tenth causes of action, sounding in disability- and gender-based discrimination in violation of the New York State and City Human Rights Laws (HRL), breach of contract, promissory estoppel, unjust enrichment, and intentional infliction of emotional distress, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Because the alleged conduct occurred while plaintiff was physically situated outside of New York, none of her concrete allegations of harassing behavior or other discriminatory conduct had the “impact” on plaintiff in New York required to support claims under the State and City HRL (Hoffman v Parade Publs., 15 NY3d 285, 289-291 [2010]; Shah v Wilco Sys., Inc., 27 AD3d 169, 175-176 [1st Dept 2005], lv dismissed 7 NY3d 859 [2006]). Plaintiffs HRL claims must thus be dismissed for lack of subject matter jurisdiction, since the statutes do not apply to the conduct at issue (see CPLR 3211 [a] [2]; Hoffman, 15 NY3d at 289).
Plaintiffs argument that, because she filed New York State nonresident income tax returns and paid income taxes here, she is entitled to the “protections, benefits and values” of New York government, including the State and City HRL (Matter of Zelinsky v Tax Appeals Trib. of State of N.Y., 1 NY3d 85, 95 [2003], cert denied 541 US 1009 [2004]; see Matter of Huckaby v New York State Div. of Tax Appeals, Tax Appeals Trib., 4 NY3d 427, 438 [2005], cert denied 546 US 976 [2005]), is unavailing. Whether New York courts have subject matter jurisdiction over a nonresident plaintiffs claims under the HRLs turns primarily on her physical location at the time of the alleged discriminatory acts, and not on her taxpayer status (see Hardwick v Auriemma, 116 AD3d 465 [1st Dept 2014]; Sorrentino v Citicorp, 302 AD2d 240 [1st Dept 2003]; see also Executive Law § 298-a [distinguishing among claims by residents and nonresidents]).
Viewed in the light most favorable to plaintiff as nonmovant, the record indicates that, at most, the parties had a mere “agreement to agree” that plaintiff should receive some sort of equity stake in defendant eCommission Solutions, LLC (ECS), with the terms of that stake subject to future negotiations and *607 approval. The failure of the parties to agree on the precise form of the equity stake causes plaintiffs contract claim to fail for lack of definiteness in the material terms of her equity compensation (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]; Mark Bruce Intl., Inc. v Blank Rome, LLP, 60 AD3d 550, 551 [1st Dept 2009]). Defendants are entitled to summary judgment dismissing plaintiffs claim for breach of contract. The lack of definiteness in the promise of equity compensation is similarly fatal to plaintiffs promissory estoppel claim (New York City Health & Hosps. Corp. v St. Barnabas Hosp., 10 AD3d 489, 491 [1st Dept 2004]; see Glanzer v Keilin & Bloom, 281 AD2d 371, 372 [1st Dept 2001]).
Plaintiffs unjust enrichment claim, which seeks precisely the same damages as her claim for breach of contract, is “indistinguishable from [her] . . . claim for breach of contract” (Martin H. Bauman Assoc. v H & M Intl. Transp., 171 AD2d 479, 484 [1st Dept 1991]), and must be dismissed as duplicative of the contract claim (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]; Walter H. Poppe Gen. Contr. v Town of Ramapo, 280 AD2d 667, 668 [2d Dept 2001]).
Plaintiff s allegations fall well short of the level of outrageousness necessary to establish a claim of intentional infliction of emotional distress (see Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983]; Zephir v Inemer, 305 AD2d 170, 170 [1st Dept 2003]).
Concur — Sweeny, J.P, Renwick, Andrias, Saxe and Kapnick, JJ.