■ RAHMAN ISHMAEL JEFFERS et al., Respondents, v AMERICAN UNIVERSITY OF ANTIGUA et al., Appellants. [3 NYS3d 335]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered March 17, 2014, which, to the extent appealed from, denied as premature defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant so much of the motion as sought summary judgment on the fraud, negligent misrepresentation, unjust enrichment, and conversion causes of action, and otherwise affirmed, without costs.

Plaintiffs are former nursing students seeking to recover

their tuition, costs, and damages from defendant the American University of Antigua (AUA), a nursing school which is located in the nation of Antigua and Barbuda, and related entities. Plaintiffs assert causes of action for fraud, breach of contract, negligent misrepresentation, unjust enrichment, and conversion, based on defendants' alleged misrepresentation that AUA graduates would be qualified to take the National Council License Examination for Registered Nurses (NCLEX), and upon passing that examination, enroll directly into Lehman College's "one-year R.N. to B.S. in Nursing program" and graduate with a Bachelors of Science Degree in Nursing. However, plaintiffs allege AUA was not, at the time of their enrollment, a properly accredited school under section 64.1 (a) (3) of the Regulations of the Commissioner of Education of New York State (8 NYCRR). Under that regulation, graduates from a nursing program located in a foreign country may take the NCLEX only if they graduated from a program that "the licensing authority or appropriate governmental agency of said country certifies to the department as being preparation for practice as a registered professional nurse."

AUA's first class of nursing students graduated in late 2009.[1] However, AUA graduates were not permitted to take the NCLEX in New York until December 2011 because, in 2010, the New York State Education Department (NYSED) found that AUA was not approved by the General Nursing Council of Antigua and Barbuda, and thus was not a certified nursing program in that country. Without passing the NCLEX, AUA graduates were not qualified to enroll in Lehman College's one-year BSN program. In January 2011, Lehman College allowed AUA graduates to enroll in its Generic Nursing Program, which did not require completion of the NCLEX. In December 2011 (approximately two years after the first AUA class graduated), NYSED altered its earlier decision and determined, based on "the representations set forth in letters submitted by the Prime Minister, Minister of Health, the Attorney General, and other government officials of Antigua and Barbuda," that the school was properly accredited in Antigua and Barbuda. Graduates were then qualified to take the NCLEX in New York and enroll in Lehman College's one-year BSN program, as promised by AUA at the time of their enrollment several years earlier.

Summary judgment is inappropriate as to plaintiffs' breach of contract claims. " '[P]romises set forth in a school's bulletins, circulars, and handbooks, which are material to the student's

---

1. The 17 plaintiffs either graduated from AUA in 2009 or 2010, or withdrew from the program in 2010 or 2011.

relationship with the school, can establish the existence of an implied contract' " (*Cheves v Trustees of Columbia Univ.*, 89 AD3d 463, 464 [1st Dept 2011], *lv denied* 18 NY3d 807 [2012], quoting *Keefe v New York Law School*, 71 AD3d 569, 570 [2010]). AUA's "fact book" aimed at prospective students promised, inter alia, that AUA graduates would be eligible to take the NCLEX, and, upon passing that exam, "automatically matriculate" into Lehman College's "one-year RN to BSN program." While generally denying plaintiffs' allegation that they breached the contract, defendants also argue that plaintiffs failed to establish damages. Defendants note that, during the two-year period in which graduates were not qualified to take the NCLEX in New York, some plaintiffs entered Lehman College's Generic Nursing Program, and some withdrew from AUA and/or transferred to another nursing school. Defendants further note that AUA offered refunds to any graduates unable to take the NCLEX examination because of the NYSED accreditation issue. Defendants' arguments raise issues of fact, but do not entitle them to judgment in their favor as a matter of law.

At the time of defendants' summary judgment motion, no discovery had occurred, and the motion court properly found that summary judgment on this claim was premature. Defendants contend that plaintiffs have not shown that facts essential to oppose the motion were in defendants' exclusive knowledge, or that discovery might lead to facts relevant to the material issues (*see Woods v 126 Riverside Dr. Corp.*, 64 AD3d 422, 424 [1st Dept 2009], *lv denied* 14 NY3d 704 [2010]). Plaintiffs have not yet deposed defendants, and the record is not fully developed on damages, though plaintiffs do contend that they suffered financial harm. Defendants' motion for summary judgment stayed discovery (CPLR 3214 [b]; *see McGlynn v Palace Co.*, 262 AD2d 116, 117 [1st Dept 1999]), and there is no indication in the record that the court lifted the automatic stay.

Plaintiffs' remaining claims fail, and further discovery would not alter this determination. In support of their fraud claims, plaintiffs allege that defendants falsely represented that they would be qualified to take the NCLEX upon graduation from AUA. "A cause of action alleging fraud does not lie where the only fraud claim relates to a breach of contract. A present intent to deceive must be alleged and a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud" (*J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d 738, 741 [2d Dept 2009] [internal quotation marks omitted]; *see also Financial Structures Ltd. v UBS AG*, 77 AD3d 417, 419 [1st

Dept 2010]).[2] Plaintiffs' fraud claims fail because they merely allege that, at the time they enrolled in AUA, defendants misrepresented their intention to perform under the contract— that is, to provide them with degrees qualifying them to take the NCLEX.

Plaintiffs also brought negligent misrepresentation claims based on defendants' representations that AUA graduates would be able to sit for the NCLEX. However, plaintiffs do not have a claim for negligent misrepresentation because there is no special or privity-like relationship between defendants and plaintiffs so as to support a negligent misrepresentation claim (*see Kickertz v New York Univ.*, 110 AD3d 268, 276 [1st Dept 2013]; *Gomez-Jimenez v New York Law Sch.*, 103 AD3d 13, 18-19 [1st Dept 2012], *lv denied* 20 NY3d 1093 [2013] [finding no "special relationship or fiduciary obligation requiring a duty of full and complete disclosure from defendant (school) to its prospective students"]). Plaintiffs' unjust enrichment claims are "indistinguishable from [their] . . . claim[s] for breach of contract, and must be dismissed as duplicative of the contract claim[s]" (*Benham v eCommission Solutions, LLC*, 118 AD3d 605, 607 [1st Dept 2014] [internal quotation marks and citations omitted]).

Defendants are entitled to summary judgment on plaintiffs' conversion claims. Plaintiffs allege that defendants converted their money by inducing them to pay tuition and other expenses despite knowing that AUA graduates would be ineligible to take the NCLEX and attend Lehman College as promised. "A cause of action for conversion cannot be predicated on a mere breach of contract" (*Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268, 269 [1st Dept 2003]). Here, plaintiffs' conversion claims allege no facts independent of the facts supporting their breach of contract claims. Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ. **[Prior Case History: 2014 NY Slip Op 30669(U).]**

---

2. Plaintiffs' fraud claims also fail because they are duplicative of their breach of contract claims (*Mañas v VMS Assoc., LLC*, 53 AD3d 451, 453 [1st Dept 2008] ["A fraud-based cause of action is duplicative of a breach of contract claim when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract" (internal quotation marks omitted)]).