■ DAVID EAGLE, Appellant, v EMIGRANT SAVINGS BANK, Respondent. [49 NYS3d 124]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 3, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the claims for breach of contract and unjust enrichment, unanimously affirmed, without costs.

Plaintiff seeks to enforce an employment offer letter providing that he was eligible for participation in defendant's carried interest compensation plan at a rate to be determined in defendant's sole discretion. However, the subject language in the offer letter lacks the requisite definiteness to be enforceable, since it provides neither the level of plaintiff's participation in the plan, nor a methodology or extrinsic standard for determining it (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91-92 [1991]; *Benham v eCommission Solutions, LLC*, 118 AD3d 605, 606-607 [1st Dept 2014]; *Magnum Real Estate Servs., Inc. v 133-134-135 Assoc., LLC*, 103 AD3d 453 [1st Dept 2013]; *compare Tonkery v Martina*, 78 NY2d 893 [1991]).

Based on the terms of both the language of the offer letter and of the carried interest compensation plan itself, it is entirely within defendant's discretion to determine if and at what level plaintiff would participate in the plan (*see Hunter v Deutsche Bank AG, N.Y. Branch*, 56 AD3d 274 [1st Dept 2008]), and it is undisputed that defendant never exercised this discre-

tion. Furthermore, plaintiff's contention that defendant was under a good faith obligation to set his participation level in the plan is undermined by defendant's clear right to exercise its discretion in that regard (*id.*).

The unjust enrichment claim was properly dismissed, since it is duplicative of the breach of contract claim (*Benham* at 607). Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.