■ Anna Gleyzerman et al., Appellants, v Law Offices of Arthur Gershfeld & Associates, PLLC, et al., Respondents. [62 NYS3d 112]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about August 8, 2016, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211, unanimously modified, on the law, to deny the motion as to the cause of action for breach of contract to the extent it relates to the first and third retainer agreements, and otherwise affirmed, without costs.

In March 2013, plaintiff Anna Gleyzerman was arrested on drug and drug-related charges. She entered into a retainer agreement with defendants to cover certain legal services for a flat fee (the first retainer). The following month, the District Attorney's Office filed an indictment against Anna, and in July 2013, following a nine-month-long wiretap investigation, it filed a superseding indictment against her. Anna's mother, plaintiff Tatyana Gleyzerman, then entered into a retainer agreement with defendants to secure defendant Gershfeld's appearance at Anna's arraignment on the superseding indictment for a flat fee (the second retainer). Tatyana subsequently entered into another retainer agreement with defendants to secure certain services in connection with the superseding

indictment for an additional flat fee (the third retainer). In or about October 2013, after defendants had performed a substantial amount of work on Anna's behalf and had negotiated a favorable plea deal for her (albeit not as favorable as the one she ultimately accepted), plaintiffs terminated defendants' services and demanded a refund of unearned fees.

Defendants failed to demonstrate conclusively that the value of the services they rendered in connection with the first and third retainers equals or exceeds the fees that plaintiffs paid. Their self-serving accounting, which identified the number of hours spent on tasks but not the dates on which the work was done and the time spent on each of those dates, does not constitute irrefutable, documentary evidence that no unearned fees remain. However, defendants demonstrated that no unearned fees remain under the second retainer, which provided that the flat fee would cover "only the superseding arraignment appearance" (caps and boldface deleted); Gershfeld appeared with Anna on that arraignment.

The conversion cause of action alleges no facts independent of those underlying the breach of contract cause of action and was therefore correctly dismissed as duplicative (*see Jeffers v American Univ. of Antigua*, 125 AD3d 440, 443 [1st Dept 2015]). The unjust enrichment cause of action is precluded by the existence of the retainer agreements (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).

Anna's cause of action for fraudulent inducement fails to allege the requisite "knowing misrepresentation of material present fact" intended to deceive her and induce her to enter into the first retainer (*GoSmile, Inc. v Levine*, 81 AD3d 77, 81 [1st Dept 2010], *lv dismissed* 17 NY3d 782 [2011]). Defendants' alleged assurance that her case would not go to trial is at odds with the clear language of the first retainer and, at most, represents a promise about the future (*see Eastman Kodak Co. v Roopak Enters.*, 202 AD2d 220, 222 [1st Dept 1994])—which in any event was kept. As the superseding indictment had yet to be filed when the first retainer was entered into, no material fact then existed as to that indictment.

Tatyana's cause of action for fraudulent inducement alleges that defendants made several misrepresentations of present fact intended to induce her into entering into the second and third retainers, but fails to allege with particularity the distinct damages resulting from that inducement (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954 [1986]; CPLR 3016 [b]).

The causes of action alleging violations of General Business

Law § 349 (a) were correctly dismissed because the alleged misconduct is related to private agreements between the parties and is not consumer-oriented (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]).

The allegations in the complaint fail to establish the existence of a chronic and/or extreme pattern of legal delinquency that caused damages in support of the cause of action under Judiciary Law § 487 (*see Chowaiki & Co. Fine Art Ltd. v Lacher*, 115 AD3d 600, 601 [1st Dept 2014]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.