Benzies v Take-Two Interactive Software, Inc. (2018 NY Slip Op 02242)





Benzies v Take-Two Interactive Software, Inc.


2018 NY Slip Op 02242


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


651920/16 5396 5395

[*1]Leslie Benzies, Plaintiff-Respondent-Appellant,
v
Take-Two Interactive Software, Inc., et al., Defendants-Appellants-Respondents.


Kelley Drye & Warren LLP, New York (Michael C. Lynch of counsel), for Take-Two Interactive Software, Inc., Rockstar Games, Inc. and Rockstar North Ltd., appellants-respondents.
Dechert LLP, New York (Andrew J. Levander of counsel), for Rockstar Games, Inc., Rockstar North Ltd., Dan Houser and Sam Houser, appellants-respondents.
Lewis Brisbois Bisgaard & Smith LLP, New York (Peter T. Shapiro of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered June 15, 2017, and order (same court and Justice), entered July 5, 2017, which granted in part and denied in part defendants' motion to dismiss the amended complaint, unanimously modified, on the law, to grant the motion to dismiss the ninth cause of action to the extent it alleges tortious interference with the 2009 Royalty Plan, and the eighteenth cause of action for reformation of the 2009 Royalty Plan, and otherwise affirmed, without costs.
Plaintiff has not alleged a mutual mistake or fraudulently induced unilateral mistake sufficient to support his claim for reformation of the 2009 Royalty Plan (Goldberg v Manufacturers Life Ins. Co., 242 AD2d 175, 179 [1st Dept 1998], lv dismissed in part, denied in part 92 NY2d 1000 [1998]).
Plaintiff has adequately alleged a breach of the 2009 Royalty Plan and the 2012 Employment Agreement. The existence of those agreements is undisputed, and plaintiff has alleged his performance by his design of the Grand Theft Auto products, defendants' failure to pay him royalties, and his damages (Nevco Contr. Inc. v R.P. Brennan Gen. Contrs. & Bldrs., Inc., 139 AD3d 515 [1st Dept 2016]). Moreover, plaintiff has sufficiently alleged that defendants breached the 2009 Royalty Plan by, inter alia, not forming the Allocation Committee that was tasked with making royalty determinations.
We agree with defendants that section 2.1 of the 2009 Royalty Plan provides for discretionary royalty payments by the Allocation Committee and contains no language mandating equal payments to the principals. The unambiguous terms of that provision cannot be altered by the subsequently-executed 2012 Employment Agreement (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]). Nevertheless, at this early stage of the litigation, we decline to dismiss plaintiff's independent claim for royalties based on the 2012 Employment Agreement. According plaintiff the benefit of every possible favorable inference, as is required on this CPLR 3211 motion, defendants have not shown as a matter of law that their interpretation of the 2012 Employment Agreement is the only reasonable one, particularly in light of the language stating that plaintiff "remains entitled to receive certain royalties [emphasis added]" as part of his "[c]ompensation." In addition, the amended complaint sufficiently alleges a breach of the 2012 Employment Agreement based on salary and stock allegedly withheld from plaintiff.
Plaintiff has also sufficiently alleged breach of the Sabbatical Agreement, which he claims defendants breached by improperly terminating him and refusing to pay him royalties.
The amended complaint states a claim for tortious interference with both the 2012 Employment Agreement and the Sabbatical Agreement. However, that part of the ninth cause of action alleging that defendants Sam and Dan Houser tortiously interfered with the 2009 Royalty Plan should be dismissed because the Housers, as parties to that contract, cannot tortiously interfere with it (see Buller v Giorno, 28 AD3d 258, 259 [1st Dept 2006]).
The court properly declined to dismiss the claims for constructive discharge (see Polidori v Societe Generale Groupe, 39 AD3d 404, 405 [1st Dept 2007]), and breach of the duty of good faith and fair dealing implicit in the 2009 Royalty Plan (see Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995] ["Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion"]).
The breach of fiduciary duty claim is not viable because the complaint alleges only arm's length business transactions and no special circumstances that might give rise to a fiduciary relationship between plaintiff and Sam Houser (see V. Ponte & Sons v American Fibers Intl., 222 AD2d 271, 272 [1st Dept 1995]). The emails in the record, although showing a close friendship, are not sufficient to establish the necessary requirement of trust and confidence. In the absence of a fiduciary relationship, the claims for aiding and abetting breach of fiduciary duty, constructive fraud and negligent misrepresentation cannot stand (see Leidel v Annicelli, 114 AD3d 536, 537 [1st Dept 2014], lv dismissed 24 NY3d 976 [2014]; Sebastian Holdings, Inc. v Deutsche Bank AG, 78 AD3d 446, 447 [1st Dept 2010]).
The unjust enrichment claim was properly dismissed as duplicative of the contract claims (Eagle v Emigrant Sav. Bank, 148 AD3d 476, 477 [1st Dept 2017]). The fraudulent inducement claims fail because the complaint does not sufficiently allege the requisite knowing misrepresentation of material present fact (see Gleyzerman v Law Off. of Arthur Gershfeld & Assoc., PLLC, 154 AD3d 512, 513 [1st Dept 2017]). The court properly dismissed the breach of joint venture claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK