Board of Directors of Windsor Owners Corp. v Platt (2018 NY Slip Op 03758)





Board of Directors of Windsor Owners Corp. v Platt


2018 NY Slip Op 03758


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


155985/14 6674A 6674

[*1] Board of Directors of Windsor Owners Corp., Plaintiff-Respondent,
v Elaine Platt, Defendant-Appellant.


Elaine Platt, appellant pro se.
Gallett Dreyer & Berkey, LLP, New York (Morrell I. Berkowitz of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.) entered January 7, 2016, which, to the extent appealed from as limited by the briefs, denied the motion of defendant, Elaine Platt, to add counterclaims for defamation; and order, same court and Justice, entered June 9, 2017, which, to the extent appealed from, dismissed defendant's counterclaims as academic, denied defendant's motion for summary judgment dismissing the claim by plaintiff, Board of Directors of Windsor Owners Corp. (the Board), for breach of fiduciary duty, and denied defendant's second motion to assert a counterclaim for defamation, unanimously affirmed, without costs.
Defendant failed to carry her burden on summary judgment of showing that she is entitled to judgment as a matter of law on the Board's breach of fiduciary duty claim, and thus, her arguments to dismiss that claim because there was no harm to the Board must fail (see William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013]). An action against the Board by a third party is still pending, and the Board will likely incur damages not only in defending the action, but also in any potential award in the third party's favor.
As to the defamation claims, the statements of which Platt complains were either statements of fact or non-actionable statements of opinion, or both (see e.g. Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d 32, 43 [1st Dept 2011]). In addition, the statements were protected by the common interest privilege (see Liberman v Gelstein, 80 NY2d 429, 437 [1992]; Ferguson v Sherman Sq. Realty Corp., 30 AD3d 288, 289 [1st Dept 2006]). As a result, the statements were not defamatory, and the motion court properly denied Platt's motion to amend her answer to assert counterclaims for defamation.
Finally, because the executive committee was disbanded, the first and second counterclaims do not present a justiciable controversy, nor are the counterclaims subject to an exception to the mootness doctrine (see Matter of Baines v Berlin, 125 AD3d 439, 440 [1st Dept 2015]; People ex rel. Lassiter v Schriro, 114 AD3d 593, 594 [1st Dept 2014], lv denied 23 NY3d 906 [2014]). As a result, the motion court properly dismissed those counterclaims as moot (see Baines, 125 AD3d 440).
We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK