Doller v Prescott (2018 NY Slip Op 08733)





Doller v Prescott


2018 NY Slip Op 08733


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526578

[*1]CHARLES W. DOLLER, Appellant,
v
DAVID J. PRESCOTT et al., Respondents.

Calendar Date: November 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Hawkins Parnell Thackston & Young LLP, New York City (Mark Debrowski of counsel), for appellant.
Dayter Volkheimer LLP, Valatie (F. Charles Dayter of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Platkin, J.), entered June 26, 2017 in Albany County, which, among other things, granted defendants' motion to partially dismiss the complaint.
Defendant David J. Prescott was the majority shareholder in defendant Integra Optics, Inc. In 2012, Prescott and plaintiff — who had previously provided financial and investment advice to Prescott — entered into a memorandum of understanding (hereinafter MOU) that memorialized, among other things, plaintiff's future right of first refusal to acquire "equity" in Integra. In 2013, plaintiff executed an employment agreement with Integra to serve as its executive vice-president and chief financial officer. In September 2014, plaintiff notified Prescott that he wished to exercise a right of first refusal to purchase certain Integra shares (hereinafter the Ryan Trust Shares). Prescott refused, advised that he would be purchasing the shares for himself and fired plaintiff. In this ensuing action, plaintiff asserted eight causes of action, including breach of the MOU and employment agreement, fraud and unjust enrichment. Prescott, Integra and defendant Goshawk Funding Limited — an entity purported to be Prescott's alter ego and "shell corporation" organized under the laws of Hong Kong — moved to dismiss the causes of action related to the MOU pursuant to CPLR 3211 (a) (1), (7) and (8) and to compel arbitration and stay the third and fourth causes of action related to the employment agreement. Supreme Court granted the motion, dismissed six causes of action, stayed two causes of action and dismissed all causes of action asserted against Goshawk. Plaintiff now appeals.
On a motion to dismiss pursuant to CPLR 3211, we give "the pleading . . . a liberal construction, [assume] the allegations contained within it are . . . true and [afford] the plaintiff
. . . every favorable inference" (Simkin v Blank, 19 NY3d 46, 52 [2012]). Relevant here, a motion pursuant to CPLR 3211 (a) (1) must be granted where the documentary evidence "conclusively refutes plaintiff's factual allegations" and establishes a defense as a matter of law (Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106 [2018]; see Ganje v Yusuf, 133 AD3d 954, 956 [2015]). The "sole criterion" under a motion to dismiss for failure to state a cause of action [*2]pursuant to CPLR 3211 (a) (7) is whether, "from [the pleading's] four corners[,] factual allegations are discerned which taken together manifest any cause of action cognizable at law" (People v Coventry First LLC, 13 NY3d 108, 115 [2009] [internal quotation marks and citation omitted]; see Gizara v New York Times Co., 80 AD3d 1026, 1030 [2011]).
Plaintiff's first, second, fifth and seventh causes of action for breach of contract, fraud, unjust enrichment and breach of the duty of good faith and fair dealing, respectively, as well as the sixth cause of action for a declaratory judgment, all stem from the MOU and plaintiff's attempt to purchase the Ryan Trust Shares. The MOU defines the Ryan Trust Shares as those that were in the control of a trust that was a party to litigation involving both Prescott and Integra pending at the time the MOU was executed. In relevant part, the MOU included an "[o]ffer of [e]quity," specifically, that plaintiff was to "be given a right of first refusal for [e]quity." The MOU defined equity as "ownership or the rights of ownership in Integra." The "[o]ffer of [e]quity" provided that plaintiff's first refusal right "shall include, but not be limited to, the right of first refusal to acquire the Ryan Trust Shares should they become available and/or equity grants or an equity earn in. However, the precise manner in which this [e]quity is offered shall be determined subsequent to the [e]nd of [l]itigation or circumstances deemed mutually sufficient by both Prescott and [plaintiff]." Further, the MOU confirmed the parties' understanding that "the offer of [e]quity [was] a material inducement to [plaintiff] entering into [the] [a]greement." Plaintiff alleged that Prescott misrepresented his intention to allow plaintiff to purchase the Ryan Trust Shares, made similar offers of equity to other Integra employees and intentionally refused to issue the Ryan Trust Shares to plaintiff.
We agree with Supreme Court's determination that the MOU was unenforceable. "[A] contract must be definite in its material terms to be enforceable" (Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, 31 AD3d 983, 985 [2006] [internal quotation marks and citation omitted]), and the terms must "manifest[ ] . . . mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Female Academy of the Sacred Heart v Doane Stuart School, 91 AD3d 1254, 1255 [2012] [internal quotation marks and citation omitted]). "This requirement of definiteness assures that courts will not impose contractual obligations when the parties did not intend to conclude a binding agreement" (Kolchins v Evolution Mkts., Inc., 31 NY3d at 106 [internal quotation marks and citation omitted]). An "agreement to agree, in which a material term is left for future negotiations, is unenforceable" (Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]).
In the MOU — which is documentary evidence that may be considered in the context of a motion pursuant to CPLR 3211 (a) (1) (see Ganje v Yusuf, 133 AD3d at 957) — plaintiff and Prescott expressly confirmed that both would "proceed diligently and in good faith to satisfy the conditions required in order to enter into definitive agreements to close the [offer of equity]." Similarly, the parties confirmed that, during the pendency of the trust litigation, the offer of equity was to be held in abeyance, and that once the litigation ended, the two would "proceed diligently with a view toward" completing, among other transactions, the offer of equity. In our view, the qualifying language in the MOU expressly belies plaintiff's allegations that he was contractually entitled to purchase the Ryan Trust Shares. To the contrary, the parties left open for future negotiation both the type of equity and the "precise manner" in which that equity would be offered. In effect, the MOU was an unenforceable agreement to agree in the future on terms of a "definitive agreement" regarding the offer of equity, and Supreme Court therefore properly granted defendant's motion to dismiss the first (breach of contract) and sixth (declaratory judgment) causes of action (Benham v eCommission Solutions, LLC, 118 AD3d 605, 606-607 [2014]).
To establish a cause of action for fraud, plaintiff was obligated to "allege misrepresentation or concealment of a material fact, falsity, scienter by the wrongdoer, justifiable reliance on the deception and resulting injury" (Lusins v Cohen, 49 AD3d 1015, 1017 [2008] [internal quotation marks and citation omitted]). Defendants correctly argue that a cause of action is not stated where, as here, the claim is that a party was fraudulently induced to enter into an unenforceable agreement (see Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, 31 AD3d [*3]at 986). Moreover, a fraud claim may not be established "when the only fraud charged relates to a breach of contract"; rather, a party must "allege a breach of duty which is collateral or extraneous to the contract between the parties" (Krantz v Chateau Stores of Canada, 256 AD2d 186, 187 [1998]). Plaintiff alleges that Prescott never intended to permit plaintiff to purchase the Ryan Trust Shares and that the offer of equity was made to exploit and induce plaintiff to execute the MOU. Accepting this allegation to be true, the alleged misrepresentation is not collateral to the MOU, but a misrepresentation as to Prescott's intent to perform in the future, which is not actionable (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; Wyle Inc. v ITT Corp., 130 AD3d 438, 438-439 [2015]). Accordingly, we agree with Supreme Court's determination to dismiss plaintiff's second cause of action for fraud. Correspondingly, plaintiff's cause of action seeking punitive damages fails (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616-617 [1994]; Park v YMCA of Greater N.Y. Flushing, 17 AD3d 333, 333-334 [2005]).
Supreme Court also properly dismissed plaintiff's fifth cause of action for unjust enrichment. Initially, and contrary to plaintiff's argument, we find that defendants argued — and Supreme Court properly considered — whether plaintiffs stated a cause of action pursuant to CPLR 3211 (a) (7). A cause of action for unjust enrichment is stated where a plaintiff shows "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks and citation omitted]; see New York State Workers' Compensation Bd. v Program Risk Mgt., Inc., 150 AD3d 1589, 1594 [2017]). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012] [citations omitted]). Here, plaintiff alleges that Prescott was enriched because he purchased the Ryan Trust Shares for himself. We agree with Supreme Court's determination to dismiss this claim as duplicative of plaintiff's breach of contract claim (see id. at 791; Benham v eCommission Solutions, LLC, 118 AD3d at 607). Similarly, plaintiff's seventh cause of action for breach of an implied duty of good faith and fair dealing was properly dismissed because it asserted the same facts and sought the same damages as the breach of contract cause of action (see New York State Workers' Compensation Bd. v Program Risk Mgt., Inc., 155 AD3d 1484, 1488 [2017]; compare ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 934 [2012]).
Next, we consider defendants' motion to dismiss the claims against Goshawk pursuant to CPLR 3211 (a) (8) on the ground that plaintiff did not properly serve this foreign corporation and there was no basis for Supreme Court's exercise of jurisdiction over said foreign corporation. Supreme Court, considering only the first of these two independent components of personal jurisdiction (see Keane v Kamin, 94 NY2d 263, 265 [1999]), dismissed the claims against Goshawk because, in its view, the foreign corporation was not properly served. We do not agree. A foreign corporation may be served by delivering the pleadings to one of the authorized corporate representatives designated in CPLR 311 (a) (1) (see Fashion Page v Zurich Ins. Co., 50 NY2d 265, 272 [1980]). Here, the sworn affidavit of plaintiff's process server — which stated that he delivered the pleadings to "Melissa Prescott [who was] expressly authorized to accept service on behalf of [Goshawk]" and which included a description of the person served — constituted prima facie evidence of proper service pursuant to CPLR 311 (a) (1) (see Hayden v Southern Wine & Spirits of Upstate N.Y., Inc., 126 AD3d 673, 674 [2015]; Dunn v Pallett, 42 AD3d 807, 808 [2007]). Supreme Court erred in determining that Goshawk was not properly served because there was no sworn evidence to rebut the process server's sworn affidavit (see Purzak v Long Is. Hous. Servs. Inc., 149 AD3d 989, 991 [2017]; Passeri v Tomlins, 141 AD3d 816 at n [2016]).
Turning to defendants' alternative jurisdictional
argument, plaintiff was not obligated to plead a basis for personal jurisdiction (see Fischbarg v Doucet, 9 NY3d 375, 381 n 5 [2007]). Further, although defendants correctly argued that "the ultimate burden of proof rests with the party asserting jurisdiction," to successfully oppose defendants' motion, "[plaintiff] needed only [to] make a prima facie showing that [Goshawk] was subject to the personal jurisdiction of . . . Supreme Court" (Constantine v Stella Maris Ins. Co., [*4]Ltd., 97 AD3d 1129, 1130 [2012]; see Nick v Schneider, 150 AD3d 1250, 1251 [2017]). In our view, accepting plaintiff's allegations to be true and construing them in a light favorable to him, plaintiff's submissions were sufficient to establish that jurisdiction was proper pursuant to CPLR 302 (a) (1) (see Nick v Schneider, 150 AD3d at 1253-1254).
Goshawk also moved to dismiss the causes of action against it pursuant to CPLR 3211 (a) (7). We agree with Goshawk's contention that plaintiff's allegations do not assert any direct claim against Goshawk, only that, generally, the corporation served as Prescott's "alter ego." Such a claim is not a separate cause of action but a means to hold an individual or entity liable for another entity's conduct (see ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 931 [2012]). Because we agree with Supreme Court's assessment that plaintiff's allegations do not provide a basis to hold Goshawk liable for any of the conduct alleged in the complaint, we find that the causes of action were properly dismissed against Goshawk (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011]).
Finally, we find that Supreme Court properly granted defendants' motion to stay the third and fourth causes of action stemming from the employment agreement and to compel arbitration, notwithstanding plaintiff's claim that the agreement was induced by fraud (see Markowits v Friedman, 144 AD3d 993, 996-997 [2016]).
McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.