Jeffers v American Univ. of Antigua (2019 NY Slip Op 00987)





Jeffers v American Univ. of Antigua


2019 NY Slip Op 00987


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


8366 153386/12

[*1]Rahman Jeffers, et al., Plaintiffs-Respondents-Appellants,
v
American University of Antigua, et al., Defendants-Appellants-Respondents, GCLR, LLC, Defendant.


Cowan, Liebowtiz & Latman, P.C., New York (J. Christopher Jensen of counsel), for appellants-respondents.
Jamie Andrew Schreck, P.C., New York (Jamie A. Schreck of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about January 16, 2018, which denied defendant American University of Antigua's (AUA) (defenant) motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for summary judgment on the issue of liability, unanimously modified, on the law, to grant AUA's motion to the extent of dismissing the claims raised by the non-graduated plaintiffs - Rahman Jeffers, George Mafwil, Lynda Bedeau, Oluwabusayo Alake, Angela Pugliese, Stephanie Veillard, Rolande Cenafils, and Ruslan Berdichevsky - and to grant plaintiffs' motion to the extent of granting summary judgment on liability as to the claims of the graduated plaintiffs' - Rosalena Velazquez, Carla Benjamin, Ophalyn Gariando, Tricia Guarin, Todd Perez, Shalini Tiwari, Beleena Koshy, Dwayna Morris, and Abraham Varghese - and ordering an inquest on damages as to each of the graduated plaintiffs' claims, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as to the non-graduated plaintiffs.
In a prior decision in this action, this Court expressly recognized that there were specific promises which established the existence of an implied contract between plaintiffs and defendant AUA when it stated that "AUA's fact book' aimed at prospective students promised, inter alia, that AUA graduates would be eligible to take the NCLEX [National Council License Examination for Registered Nurses], and, upon passing that exam, automatically matriculate' into Lehman College's one-year RN to BSN program'" (Jeffers v American Univ. of Antigua, 125 AD3d 440, 442 [1st Dept 2015]).
The record clearly establishes that defendant AUA breached these promises with regard to the graduated plaintiffs as it showed that they were (1) not eligible to take the NCLEX exam until after December 13, 2011 (when the New York State Education Department [NYSED] admitted the mistake and permitted AUA graduates to sit for the exam), and (2) were not permitted to enroll in Lehman College until 2011 when they enrolled in a standard BSN program (not the ASN to BSN program AUA had promised). Supreme Court properly found that a reasonable period of time should be inferred following graduation (Savasta v 470 Newport Assoc., 82 NY2d 763, 765 [1993]). However, because the graduated plaintiffs did not have the opportunity to take the NCLEX exam or enroll in Lehman College's ASN to BSN program in a timely fashion after graduation from AUA, AUA breached the implied contract. The graduated students also established the element of damages by submitting affidavits wherein each averred that they graduated from AUA and shortly thereafter, applied to take the NCLEX but were denied because all AUA students were "ineligible" to take the exam preventing them from obtaining [*2]their nursing license and begin their profession. Accordingly, the plaintiffs who graduated from AUA are entitled to summary judgment as to liability on their breach of contract claims, and Supreme Court should hold an inquest to determine the extent of each of their damages.
With respect to the non-graduated plaintiffs, defendant AUA has properly established entitlement to summary judgment as a matter of law. Specifically, it is well settled that "a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition" (Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y., 28 NY2d 101, 106 [1971]; Fairway Prime Estate Mgt., LLC v First Am. Intl. Bank, 99 AD3d 554, 557 [1st Dept 2012]). It is undisputed that plaintiffs Jeffers, Cenafils, Bedeau, Mafwil, Pugliese, Veillard, Alake and Berdichevsky did not graduate from AUA's school of nursing. As such, these non-graduated plaintiffs rendered defendant AUA's performance of its implied contract with each of them impossible when they voluntarily withdrew from the school or failed to complete the necessary credits and consequently, did not graduate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK