Weisenfeld v Iskander (2020 NY Slip Op 05710)





Weisenfeld v Iskander


2020 NY Slip Op 05710


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 651436/16 Appeal No. 12047 Case No. 2019-4304 

[*1]Tina S. Weisenfeld, Plaintiff-Appellant,
v
Sameh S. Iskander, et al., Defendants-Respondents, John Does 1-25, Defendants.


Friedman Kaplan Seiler & Adelman LLP, New York (Robert S. Smith of counsel), for appellant.
Loeb & Loeb LLP, New York (Sarah Schacter of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood), entered April 26, 2019, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
At issue are the terms of the handwritten notes taken at the initial meeting, plaintiff claiming that one of the provisions therein, under the heading "Mgmt" and stating "20% of G P inc to me," entitled Stark, and later his assignees, to 20% of the proceeds of the sale of the buildings to which the general partner would be entitled. The handwritten notes at issue are too indefinite to enforce as sought by plaintiff (see e.g. Glanzer v Keilin & Bloom, 281 AD2d 371, 372 [1st Dept 2001]).
The alleged agreement also fails for a lack of consideration (see ACE Fire Underwriters Ins. Co. v ITT Indus., Inc., 84 AD3d 688, 689 [1st Dept 2011]). Plaintiff's claim that her father told her that he would help locate other investors as part of the agreement is inadmissible hearsay, and she offers no other admissible evidence to support her assertions (see Candela v City of New York, 8 AD3d 45, 47 [1st Dept 2004]). Plaintiff further failed to demonstrate that Iskander and Bishay were aware that Kenneth Stark was not acting as their attorney, but on his own behalf in the transaction (see Greene v Greene, 56 NY2d 86, 92 [1982]).
Plaintiff's promissory estoppel claim is duplicative and flawed since there was no clear and unambiguous statement, nor any detrimental reliance by Mr. Stark or plaintiff (see Benham v eCommission Solutions LLC, 118 AD3d 605, 607 [1st Dept 2014]), and the unjust enrichment claim fails for lack of credible evidence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020