Jarusauskaite v Almod Diamonds, Ltd. (2021 NY Slip Op 05460)





Jarusauskaite v Almod Diamonds, Ltd.


2021 NY Slip Op 05460


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 154732/19 Appeal No. 14339 [M-2090&M-3090] Case No. 2020-04756 

[*1]Raimonda Jarusauskaite, Plaintiff-Respondent-Appellant,
v
Almod Diamonds, Ltd., et al., Defendants-Appellants-Respondents, Mark Segall et al., Defendants.


Lewis Brisbois Bisgaard & Smith LLP, New York (Elior D. Shiloh of counsel), for appellants-respondents.
Wallace Neel PLLC, Pearl River (Wallace Neel of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about July 2, 2020, which, to the extent appealed from, denied defendants Almod Diamonds, Ltd. and Morris Gad's motion to dismiss the hostile work environment claims under the New York City and New York State Human Rights Laws as against them and granted the motion as to the intentional infliction of emotional distress claim, unanimously modified, on the law, to grant the motion as to the hostile work environment claims, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against said defendants.
Supreme Court lacks subject matter jurisdiction over the Human Rights Law claims (see Executive Law § 290[3]; Administrative Code of City of New York § 8-101; Hoffman v Parade Publs., 15 NY3d 285 [2010]). Defendants' alleged conduct occurred while plaintiff was "physically situated outside of New York" (Benham v eCommission Solutions, LLC, 118 AD3d 605, 606 [1st Dept 2014]), and did not have "any impact on the terms, conditions or extent of her employment . . . within the boundaries of New York" (Hardwick v Auriemma, 116 AD3d 465, 467 [1st Dept 2014], lv denied 23 NY3d 908 [2014]; see Wolf v Imus, 170 AD3d 563, 564 [1st Dept 2019], lv denied 34 NY3d 907 [2019]; Shah v Wilco Sys., Inc., 27 AD3d 169, 176 [1st Dept 2005], lv dismissed in part, denied in part 7 NY3d 859 [2006]; see also Vangas v Montefiore Med. Ctr., 823 F3d 174, 182-183 [2d Cir 2016] [impact on third parties is irrelevant]). "The fact that the alleged discriminatory acts . . . occurred in New York is insufficient to plead impact in New York" (Pakniat v Moor, 192 AD3d 596, 597 [1st Dept 2021]).
The one-year statute of limitations bars plaintiff's claim for intentional infliction of emotional distress; she commenced this action approximately 16 months after "the date of the commission of the last wrongful act" (Palmeri v Willkie Farr & Gallagher LLP, 156 AD3d 564, 568 [1st Dept 2017]; see Dana v Oak Park Marina, Inc., 230 AD2d 204, 210-211 [4th Dept 1997] [limitations period tolled for "continued series of extreme and outrageous acts each of which would be independently actionable"]; see CPLR 215[3]). M-2990 — Raimonda Jarusauskaite v Almod Diamonds, Ltd.
Motion by defendants Almod Diamonds, Ltd. and Morris Gad to strike the first point of plaintiff's cross-appeal reply brief granted. M-3090 — Raimonda Jarusauskaite v Almod Diamonds, Ltd.
Cross motion by plaintiff for leave to file a sur-reply brief nunc protunc denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021