JDS Constr. Group LLC v Copper Servs., LLC (2026 NY Slip Op 01162)

JDS Constr. Group LLC v Copper Servs., LLC

2026 NY Slip Op 01162

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 656912/20|Appeal No. 5983|Case No. 2025-00669|

[*1]JDS Construction Group LLC, et al., Plaintiffs-Respondents,
vCopper Services, LLC, Defendant-Appellant, Talisman Casualty Insurance Company, LLC, et al., Defendants.

Sitaras & Associates PLLC, New York (George Sitaras of counsel), for appellant.
Cohen Ziffer Frenchman & McKenna LLP, New York (Andrew N. Bourne of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about December 24, 2024, which, insofar as appealed from, granted the motion of plaintiff/counterclaim defendant-respondent JDS Construction Group LLC and additional counterclaim defendants-respondents 111 West 57th Property Owner LLC, 111 Construction Manager LLC, Michael Stern, and Kevin Maloney motion to dismiss, pursuant to CPLR 3211(a)(5) and (7), the counterclaims of defendant/counterclaim plaintiff-appellant Copper Services LLC to the extent of dismissing the second counterclaim for quantum meruit, third counterclaim for unjust enrichment, fifth counterclaim for foreclosure of mechanic's liens, sixth counterclaim for trust fund diversion, and seventh counterclaim for accounting of trust funds; ordered that Copper, in prosecuting its first cause of action for breach of contract, is precluded from litigating a "concurrent delay" defense to JDS's claims; and denied Copper's motion to amend its counterclaims to add allegations and assert breach of fiduciary duty and of aiding and abetting breach of fiduciary duty against Stern and Maloney, unanimously modified, on the law, to the extent of reinstating the trust fund diversion and trust accounting counterclaims and granting the motion to amend, and otherwise affirmed, without costs.
The motion court correctly dismissed Copper's June 2024 mechanic's lien foreclosure counterclaim as time-barred under Lien Law §�17. The mechanic's liens, filed in September 2020 and extended as of right through September 7, 2022, were invalidated by the court's October 2021 order finding that Copper had defaulted in this action. The court correctly found that, even after this Court vacated the default, Copper could no longer bring a claim to foreclose on the expired liens since it had not filed either a lien extension or foreclosure motion on the voided liens, and had not brought its otherwise timely motion to vacate the default until after the September 7, 2022 date on which the liens would have expired in the ordinary course (see Matter of Pizzarotti, LLC v New York Concrete Washout Sys., Inc., 210 AD3d 445, 446 [1st Dept 2022]; North Stucco Constr., Inc. v USD 142 W 19 LLC, 84 Misc 3d 1250[A], 2024 NY Slip Op 51734 [U] [Sup Ct, NY County 2024]).
On a previous appeal, this Court found that "[i]n light of the undisputed failure of [Copper] to comply with a contractual requirement to provide timely notice of an alleged cause of its delay, which was a condition precedent to deeming the alleged cause to be a valid excuse for the delay, the court properly dismissed [the surety's] affirmative defense of concurrent delays to Copper's work" (JDS Constr. Group LLC v Copper Servs., LLC, 223 AD3d 588, 589 [1st Dept 2024]). This ruling is law of the case and precludes Copper from asserting the concurrent delay defense (see Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]).
In addition, the court correctly dismissed Copper's quasi-contract counterclaims as duplicative of the breach of contract counterclaim (see e.g., Karsah Intl., Inc. v Jong Soo Kim, 225 AD3d 425, 426 [1st Dept 2024]; Eagle v Emigrant Sav. Bank, 148 AD3d 476, 477 [1st Dept 2017]). Copper does not point to any issue as to the enforceability of the contract such that it should be permitted to plead quasi-contract claims as a form of alternative relief.
However, the court erred in dismissing the Article 3-A trust fund diversion and related trust accounting claims on statute of limitations grounds. Respondents did not make a prima facie showing as to the accrual date of the applicable statute of limitations. To the extent respondents provided evidence of this fact, they did so only in an affidavit in support of the motion that was submitted by an attorney who did not have personal knowledge of the relevant facts and that was not supported by any relevant documentary evidence. Respondents' submission, on reply, of an additional supporting affirmation from its principal, which was offered to remedy the deficient prima facie showing on this point, should have been disregarded by the court (see Tribbs v 326-338 E 100th LLC, 215 AD3d 480, 481 [1st Dept 2023]; Migdol v City of New York, 291 AD2d 201, 201 [1st Dept 2002]). In light of respondent's failure to make the prima facie showing required for dismissal on this basis, we need not address whether such claims, which were otherwise adequately pleaded, are timely based on the relation-back doctrine.
Finally, the court should have granted Copper's cross-motion to amend to add breach of fiduciary duty and aiding and abetting counterclaims against the individual defendants, as well to add more specific factual allegations to support its trust diversion claims. The proposed amendments were not palpably insufficient or prejudicial, and, as these proposed amendments relate to the trust diversion claims, there are, at least, material questions of fact as to the accrual date of the statute of limitations that preclude rejecting them, at this stage, based on a finding that they cannot be timely asserted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026